GILLESPIE v. the MAYOR, ALDERMEN and COMMONALTY of the City of New-York.

In ordinary cases acceptance of principal alone amounts to a waiver of interest.

Where a corporation award apportions an amount between two persons, and those two litigate between themselves as to the rate of apportionment, and one notifies the corporation not to pay, this will excuse the corporation from payment of interest during the pendency of such litigation.

*July,*
*1841.*

*Interest.*

THIS case came before the court on an order to show cause why an injunction should not issue.

The bill showed that the complainant had been the assignee of a lease of premises in New-York, and of which Ann Thomas had the fee ; that, in widening Beaver street, the whole of the premises were taken by the corporation and an award in favor as well of the complainants as of the said Ann Thomas had been made, which, while it was correct as to gross amount, was, as the complainant alleged, wrong in the amount of apportionment as between himself and Ann Thomas ; and he accordingly sued out a writ of *certiorari* from the Supreme Court and then a writ of error, which was determined by affirmance. That at the time the amount embraced by the award was payable, the complainant went to the comptroller of the corporation, who stated that Mrs. Ann Thomas had given notice to the corporation not to pay the money, and also said that, as the complainant had carried up the proceedings by *certiorari*, therefore payment would not be made ; but that the complainant then stated to the comptroller that the latter reason ought not to prevent the complainant from receiving his money, because the *certiorari* was expressly for the purpose of settling rights between Mrs. Thomas and himself, without, in any way, drawing in question the sufficiency of the award as respected the whole sum awarded. That at this time, and while the writs were pending, the amount due to the complainant under the award was in the hands of the corporation, unaffected, and not subject to any deduction or

casualty. That heavy assessments were made upon the property and apportioned between the complainant and Ann Thomas; and the corporation made deductions from the aforesaid award of benefit. That a bill in chancery was filed by Mrs. Thomas against the complainant's receiving the amount awarded to him, and the corporation were made parties; but, finally, it was agreed between him and Mrs. Thomas that he might receive from the corporation to the amount of five thousand dollars as part of the award, and which was accordingly paid. That then, for the first time, the comptroller informed the complainant that the corporation would not allow any interest on the award. That the excuse and pretence of the corporation for not allowing interest was that the corporation were, at all times, ready to pay and had the money on hand apart for that purpose; but the complainant charged that this was untrue, because they were, at the times referred to, borrowing money and paying interest, and frequently unable to pay their debts and even laborers; and he also charged that his moneys went into their general funds, and the amount in no way was set apart as pretended. That the corporation had made a levy upon his, the complainant's goods and gave notice of selling; but he could not, as he was advised, bring replevin. *Prayer*, that the corporation account and give the complainant credit for interest, and that, in the taking of such account, the complainant be charged with the amount of taxes; and for an injunction to restrain the corporation from selling under their levy—with the general prayer.

By way of showing cause, the comptroller, Mr. Alfred A. Smith, made an affidavit that the corporation were at all times able to pay the amount of the award; that the same was fully paid as soon as the stay of proceedings was removed and consent given; and also that the defendants were at all times ready and willing to pay.

THE VICE-CHANCELLOR :—The object of the bill is to establish a claim against the defendants for interest on money awarded to the complainant by commissioners of estimate and assessment on opening streets, which it is alleged that the defendants had the use of for a length of time; and to have such interest applied by way of set-off and extinguishment of taxes

*1841.*

GILLESPIE
*v.*
THE MAYOR, &c.
OF NEW-YORK.

*Dec.* 14.
1841.

owing by the complainant to the defendants—and, in the mean time, to restrain the defendants from collecting the taxes under a distress warrant.

One objection to the defendants being now called upon to pay or allow interest upon the money is, that they have heretofore paid over the principal money, which was accepted without interest, and, after payment and acceptance of the principal, it is contended, a claim for interest cannot rightfully be made.

In cases where there is no express contract or obligation to pay interest as well as principal, the payment and acceptance of the principal discharges all liability to pay interest. The rule and the reason for it is well expressed by the chancellor in the case of *Fake* v. *Eddy's Executor*, 15 Wend. 80.

Another objection is, that the delay in the payment was occasioned by the complainant's proceeding by *certiorari*. While that was depending, I think the defendants could not, with safety to themselves, have parted with the money, although the avowed object of such *certiorari* was not to disturb the award of the commissioners in point of amount, but to settle some questions in relation to the apportionment of the money awarded, as I understand, as between landlord and tenant, yet the process by *certiorari* took up the whole of the proceedings, and might have resulted in a reversal or modification productive of embarrassment and loss to the corporation if they had, in the mean time, paid over the money ; and when the matter of the *certiorari* was determined, then came the adverse claim and bill in this court by Mrs. Thomas, and though her bill was not accompanied by an injunction, it was followed by a notice forbidding the payment to the complainant. All this was enough, within the principle involved in *Stevens* v. *Berringer*, 13 Wend. 639, to justify the defendants in holding the money and to excuse them also from paying interest. The moment the defendants were required by the order of this court made in the cause, or had the assent of both parties to the payment, they did pay over the money. It is immaterial, under such circumstances, whether they mingled the money with their other funds and derived some benefit from the possession of it or not, they are not liable to pay interest for it : *Williams* v. *Storrs*, 6 J. C. R. 353.

The case of *Winter* v. *Blades*, 6 J. C. R. 353, has no application. Besides, this is a statutory regulation, and I am at a loss to perceive how the defendants can be brought in default and held liable for interest, except by pursuing the remedy given by the act: 2 Laws of 1813, p. 418, § 183.

The order to show cause must be discharged; and the motion for an injunction denied, with costs.