Jacot *v.* Emmett.

---

### Jacot *vs.* Emmett, administrator, &c.

Where the attorney of the next of kin applied to the administrator of the decedent for the payment of the distributive share of the estate which belonged to his client, and the administrator rendered an account, showing the balance due, but refused to allow interest on some of the moneys which had remained in his hands uninvested, and the attorney received the balance appearing to be due to his client, and gave a receipt for the same at the foot of the account, without making any reservation of a claim for interest; *Held*, that the settled account must be considered as conclusive between the parties, and that the next of kin could not afterwards claim interest upon the balance of account; as all the facts upon which the claim to interest rested were known to the attorney at the time of the settlement of the account and the receipt of the balance appearing to be due thereon.

Where interest is only recoverable as damages, for the non-payment of the principal when it became due, the receipt of the principal debt by the creditor is a bar to any claim for interest thereon.

If an executor or administrator mixes the money belonging to the estate of the decedent with his own, and uses the same so that he has it not on hand to pay over to the persons entitled to it whenever it shall be called for, he may be charged with interest on such money.

But the mere neglect of an executor or administrator to invest money belonging to the estate, which money he may be called upon to pay to the legatees or distributees

Jacot *v.* Emmett.

at any moment, is no ground for charging him with interest, where such money is kept ready in bank, or otherwise, to be paid over when called for.

An executor or administrator is not authorized to loan moneys of the estate in his hands, to the payment of which an adult legatee or distributee is entitled immediately upon demand without the authority of such legatee or distributee. And if he does loan such moneys without authority, it will be at his own risk.

THIS was an appeal from the sentence or decree of the surrogate of the city and county of New-York. The respondent, R. Emmett, was the administrator of T. Lynch, late of New-York, deceased, and the appellant was the personal representative of the wife of T. Lynch ; who survived him and who was entitled to one half of his personal estate. The claim made before the surrogate, against the respondent, was for interest on moneys which had been received by the respondent on account of his intestate, and which had not been invested. In September, 1840, the respondent stated and settled his account, as administrator of T. Lynch, with the attorney of the appellant, who was duly empowered for that purpose, and paid over to such attorney the share of the estate due to the appellant's intestate, according to such account. That account showed a balance of $1140,15 due to the estate of Ann Lynch, of which the appellant was the administrator. And the attorney gave to the respondent a receipt for such balance at the foot of the stated account. Some of the moneys had been in the hands of the respondent uninvested, and he had declined to pay them over for a time without a bond of indemnity. Upon the settlement, the attorney inquired of the respondent whether he ought not to pay interest. The latter replied that he should not pay interest, as the money had been of no advantage to him. The attorney thereupon received the balance as stated, and gave the receipt therefor without making any reservation therein of a claim to interest. Nor did it appear that any objection was made to the account, as then stated and settled, until about a year afterwards, when the respondent was cited to account before the surrogate. The surrogate, upon the hearing of the case, decided that the respondent had rendered himself liable for the payment of interest, because he must have used the money of the estate ; as it

appeared from the testimony of the attorney that the respondent was not always ready to pay the money when he called on him for the purpose of receiving the same. But the surrogate also decided that the attorney having settled the account, as stated, without any reservation of a claim to interest, the claim which the appellant originally had was waived; and that the respondent was not then liable for the interest. From this decision the administrator of Ann Lynch appealed to the chancellor.

*J. Anthon*, for the appellant. The respondent, Mr. Emmett, is clearly liable to the payment of interest on the balance in his hands due to the estate of Ann Lynch. He is to be considered in the light of having made profits out of the fund, the same having been mingled with his own and not forthcoming when called for. The receipt given by the attorney of the administrator of Ann Lynch was not a receipt in full. This receipt left the question of interest open. This must especially in this case be so considered, as here trustees and a trust fund are involved. The case of *Lord* v. *The Corporation of the City of New York*, (3 *Hill*, 426,) is in point. That case decided that a similar receipt covering the whole amount of the principal, reserves the question of interest. The principle of that case is fully sustained in the earlier cases involving the same point. (*Consequa* v. *Fanning*, 3 *John. Ch.* 601.) The presumption, in this case, that no interest was due or was received, is put down by the course of the transaction. There is no proof of any act of the administrator approving of the act of his attorney. The demand of the interest was made within the year.

*A. L. Robertson*, for the respondent. Interest can only be claimed by contract, express or implied; or as damages for the non-payment of a debt, or non-performance of a duty, or as a measure of injury done by a tort. (5 *Cowen*, 614, *opinion of Spencer*.) The claim of interest in this case is not founded on contract, nor on the ground of profits made out of the fund. Interest forms no part of the debt; it is something added to it by way of damages for its detention. (*Stevens* v. *Barringer*,

Jacot *v.* Emmett.

13 *Wend.* 639.)   The attorney of the administrator of Ann
Lynch had full authority to receive the balance due by the re-
spondent and to execute a full release therefor.   He had power
to fix what was due.   He received the principal as principal,
and thereby waived all claim for interest.   The receipt shows
that the money was received as principal.   The question of in-
terest is not reserved in the receipt.   The refusal of the respon-
dent to pay interest rebuts any presumption that the question of
interest was intended to be left open, which might be sought to
be deduced from the omission of the words " in full " in the re-
ceipt.   The delay after the settlement of the account in claiming
interest is a bar to the claim.   ( *Wells* v. *Jernigan*, 2 *Atk.* 252.)
The cases establish the principle that where the principal is
received as principal, all claim for interest is waived.   (*Dixon*
v. *Parker*, 2 *Esp. Cas.* 110.   *Tillotson* v. *Preston*, 3 *John. R.*
229.   *Johnson* v. *Brannan*, 5 *Id.* 268.   *Williams* v. *Hough-
taling*, 5 *Cowen*, 87.   *People* v. *New- York*, *Idem*, 337.   *Ste-
vens* v. *Barringer*, 13 *Wend.* 639.   *Fake* v. *Eddy's ex'rs*, 15
*Id.* 80.)

THE CHANCELLOR.   If the surrogate came to the right conclu-
sion, from the testimony of E. H. Jacot the attorney, that the res-
pondent had mixed the money belonging to the estate of his intes-
tate with his own, and had used it, so that he had it not on hand
when he was called on for payment, he might unquestionably
have been charged with interest, according to the settled rule
of this court in such cases.   But a mere neglect by an adminis-
trator to invest moneys which he may be called upon to pay
over to the distributees at any moment, would be no ground for
charging him with interest, if the money was kept in bank or oth-
erwise, ready to be paid over when called for.   Indeed, the ad-
ministrator would not be authorized to loan the fund, to which
adult distributees were immediately entitled, at their risk, and
without authority from them.

Even if the respondent had rendered himself liable for interest,
by using a portion of the trust fund for a time, the surrogate was
still right in considering this settled account as conclusive be-

Jacot v. Emmett.

tween the parties, after it had been acquiesced in by the appellants for nearly a year, without objection. There are no facts now disclosed which were not as well known to the attorney, at the time he made the settlement, with the respondent, and received the balance of the account, as they were when the respondent was subsequently cited to account before the surrogate. There was no item left out of the account by mistake, or from a misapprehension of facts; for the attorney was told, at the time, that the respondent did not intend to pay any interest. The receipt of the balance of the account as stated, without any reservation of the right to claim interest afterwards, was therefore a waiver of the claim. Even if interest had actually been received upon the trust moneys by the respondent, it would be doubtful at least whether the appellant could be permitted to surcharge and falsify an account thus stated and settled with a full knowledge of all the facts upon which the right to interest was based. Here, however, it is not pretended that the respondent had put out the trust fund and received interest thereon. But the claim for interest is founded upon the supposed breach of trust by a mere temporary use of the money, so that the respondent was not in funds to pay the same when it might be called for. And the cases referred to in the opinion of the surrogate, and by the counsel for the respondent, show that the receipt of the principal debt, when interest is only recoverable as damages, is a bar to the claim for interest.

The power of attorney was sufficient to authorize this settlement. Besides, the presumption is that the attorney communicated the facts which were known to him to his constituent; and the acquiescence of the latter in the account as stated and settled, by his attorney, without objection, for nearly a year, ought of itself to be considered a waiver of the claim to interest.

The sentence and decree of the surrogate, which is appealed from, must therefore be affirmed with costs.