## SUPREME COURT.

SUSANNAH B. YOUNG, administratrix, &c. agt. JAMES H. BRUSH and others, executors, &c.

Where the *domicil* of the testatrix was in New York—all the *personal estate* was in New York; the will was *proved* and letters testamentary *issued* in New York, *Held*, that the *legatees* of the personal estate were not chargeable with the expenses of proving and contesting the will in New Jersey, where the deceased had real estate. The decree of the court in New Jersey, directing such expenses to be paid out of the estate, had no force or validity here, and could not make these expenses chargeable to the legatees under the will, in this state.

Where, in an action for accounting against executors, the trust fund has been deposited in the *Trust Company, under the direction of the referee,* to be applied to the payment of any recovery in the action, the executors will not be charged with a higher rate of *interest* than that paid by the Trust Company.

*New York General Term, October,* 1862.

INGRAHAM, BARNARD and CLERKE, *Justices.*

By the court, INGRAHAM, P. Justice.　The defendants, in the settlement of the account of their testator as the executors of Catharine Young, claim to be allowed the expenses of proving the will in New Jersey.　All the personal estate was in New York.　The will was proved in New York, and letters testamentary issued here.　Afterwards Mr. Brush, the executor, submitted the will for probate in New Jersey, where the deceased owned some real estate.　The probate

was contested there, and a large amount of expense was incurred. These expenses were claimed by the defendants as a credit, and disallowed by the referee.

The referee has found that the domicil of the testatrix was in New York, and that the will was properly admitted to probate here, and that the decision on the will in New Jersey was only as to the real estate.

We see no reason for submitting the will to probate in New Jersey, excepting so far as the devisees of the real estate there might consider it necessary for establishing their title to the same. For this purpose the executor was not called upon to prove the will. Any party relying on it as the source of his title, could prove it on a trial, by witnesses, with the same effect as if admitted to probate, if not more.

There is no ground upon which such an expense should fall upon the legatees of the personal estate in New York.

The distribution of the personal estate was properly found to be according to the laws of New York, and the decree of the court in New Jersey, directing these expenses to be paid out of the estate, had no force or validity here, and could not make these expenses chargeable to the legatees under the will in this state.

The question of domicil was a question of fact for the referee. With his finding we would not interfere, even if we doubted the correctness of that decision. But we concur with him in that finding, because we consider the weight of evidence upon this point very much against the defendants.

The only point upon which we entertain doubt is, as to the charge of legal interest against the executor on the moneys deposited with the Trust Company.

Under ordinary circumstances where the defendant refuses to pay over moneys held by him in a fiduciary character, he should be charged with interest, and the fact of its being deposited for safe keeping in a bank or trust

company, does not relieve the trustee from such liability, even though he receives a less rate of interest. (*DePeyster* agt. *Clarkson*, 2 *Wend.*, 77.) But where the money has been kept ready to be paid over, then interest is not to be charged. (11 *Paige*, 142.)

In the present case the money was deposited in the Trust Company under the direction of the referee, and with the consent of the defendants' counsel, as to the propriety of the place of deposit to be applied to the payment of any recovery in the action. As the defendants were executors, and the money was deposited under the direction of the referee, it is clear that the defendants could receive no benefit from the fund. Nor does it appear that any demand was made for the payment of this sum other than is to be inferred from the commencement of the suit which called for an accounting first. Under all the circumstances we think the defendants should not have been charged with a higher rate of interest than was received for the fund while it was deposited in the Trust Company.

The judgment should be corrected by the plaintiff's remitting the amount of interest charged on $3,700 over three per cent., and affirmed for the residue.

If the plaintiff refuse to remit the amount, the judgment must be set aside and case referred back to referee for correction in this respect.

CLERKE and BARNARD, J. J., concurred.