## A. & S. BENDIT *vs.* ANNESLEY & FERRIS.

Under the code, no formal conclusion to an answer being requisite, and no judgment or relief being required to be prayed for, except when the defendant asks affirmative relief against the plaintiff, an answer specially setting up the defense of payment, and demanding that the complaint be dismissed, and judgment for costs, is good; although it does not pray judgment whether the plaintiff shall further maintain his action.

As between the plaintiff and defendant, in the absence of any fraudulent collusion to deprive the attorney of his costs, the plaintiff having, after suit brought, accepted the debt, interest and expenses of protest, the principal becomes extinguished, and the incident — the costs — goes with it.

APPEAL from a judgment entered in favor of the defendants for costs, on a trial at the circuit. The plaintiffs, on the 1st day of November, 1862, brought an action on a promissory note against the defendants. On the same day, and after service of the complaint, the defendants sent their certified check to the plaintiffs for the amount of the note, interest and protest, which the plaintiffs unqualifiedly accepted. On the 17th day of November following, the plaintiffs duly notified the defendants that payment of the face of the

note, interest and protest, would not settle the action, but that the costs must be paid. On the 21st of November, the defendants interposed their answer, setting up payment and demanding that the complaint be dismissed, and judgment for costs. The only issue in the case, was whether, under the circumstances, the answer of the defendants of payment, and proof of the same, prevented a recovery by the plaintiffs. On these proven, as well as conceded facts, the judge dismissed the complaint. The action was tried by the court without a jury.

*W. H. Tefft,* for the appellants.

*S. G. Courtney,* for the respondents.

*By the Court,* GEO. G. BARNARD, J. As the law stood prior to the code, a payment after suit brought had to be pleaded specially in bar of the further continuance of the action, and not in bar of the action generally. (*Boyd* v. *Weeks,* 2 *Denio,* 321.) This was the doctrine at the time when every plea was required to have a formal conclusion. Under the code, no formal conclusion is required, and no judgment or relief is required to be prayed for, except when the defendant asks affirmative relief against the plaintiff.

The answer in this case specially set up the payment, and would have been good under the old system if it had prayed judgment whether the plaintiff should further maintain. his action. As the code has abrogated the necessity for any prayer, I think the answer now good, although it demands that the complaint be dismissed and judgment for costs.

Even if a prayer were required, to an answer, and the prayer in question were technically wrong, yet as evidence was received under the answer without objection, and fully sustained it, the judge, under the liberal powers of amendment given by the code, was justified in disregarding the technical defect.

I do not regret coming to this conclusion; for after the payment of the note it is obvious that the only motive in prosecuting the suit was to get the small amount of costs which had accrued; which costs I think the defendants, under the circumstances of this case, were not liable for. Costs of a suit are but an incident to the debt to recover which the action is brought. The extinction of the principal carries with it the incident.

If the plaintiffs meant to insist on the payment of the accrued costs, they should have refused to receive the payment of the debt unless the costs were also paid.

As between the plaintiffs and defendants, (there being no fraudulent collusion to deprive the attorney of his costs,) the plaintiffs having accepted debt, interest and protest, the principal became extinguished, and the incident—the costs— went with it.

Judgment affirmed with costs.

