THE SOUTHERN CENTRAL RAILROAD COMPANY *vs.* THE TOWN OF MORAVIA.

The defendant subscribed to the capital stock of a railroad company, the amount of the subscription to be paid " in such installments, and at such times, as the board of directors might lawfully direct." Several calls were made, by the directors, amounting, in the aggregate, to the precise sum subscribed, which were all paid by the defendant, but not at the times designated for payment in the respective calls, and receipts given. Nothing was said about interest, and no claim made for it, until several months after the whole principal had been paid. *Held* that an action would not lie to recover interest on the several amounts specified in the calls, during the time they remained unpaid after the day designated for payment by the call.

When there is no agreement to pay interest, interest, when allowable, is allowed

Southern Central Railroad Company *v.* Town of Moravia.

not as a part of the contract, but as an incident, and by way of damages for the default, to make the creditor good for the loss he has sustained by reason of the breach or default.

In that class of cases, it has always been held that after the principal of the debt had been paid, and received in full, no action could be maintained to recover interest; the reason being that interest, in such cases, being a mere incident, cannot exist, without the debt, and the debt being extinguished, the interest must necessarily be extinguished, also. *Per* JOHNSON, J.

A distinction has been made between such cases and those where interest is payable by the terms of the contract. In the latter case the interest is as much a part of the contract as the principal, and not a mere incident. *Per* JOHNSON, J.

THIS action having been brought to trial at the Cayuga circuit, before the court without a jury, a jury being waived by consent of parties given in open court, the court found the following facts: On the 17th day of November, 1867, the plaintiff was duly organized as a railroad corporation. Thereafter, and prior to the 27th day of July, 1865, in pursuance of an act of the legislature passed April 7, 1866, entitled "An act to facilitate the construction of the Southern Central Railroad, and to authorize towns to subscribe to the capital stock thereof," the inhabitants of the town of Moravia duly fixed upon the sum of $84,000 as the amount to be raised by the town pursuant to the provisions of that act. The conditions of the act having been complied with, on said 27th day of July, the town, through its commissioners, became a subscriber to, and purchaser of, the plaintiff's capital stock to the amount of 840 shares valued at $100 each, and thereafter the town elected to pay therefor in cash, and not by issuing its bonds to the company. By the terms of the subscription the amount subscribed was agreed to be paid in such installments and at such times as the plaintiff's board of directors might lawfully direct. The board, by resolutions duly passed, called for and required the defendant to pay said sum of $84,000, as follows:

Call 1st. By resolution of September 4, 1867, $8400, to be paid on or before October 1, 1867.

Southern Central Railroad Company *v.* Town of Moravia.

Call 2d. By resolution of November 7, 1867, $8400, to be paid on or before January 1, 1868.

Call 3d. By resolution of April 10, 1868, $8400, to be paid on or before May 1, 1868.

Calls 4th and 5th. By resolution of July 9, 1868, $16,800 ; $8400 to be paid on or before August, 1868, and $8400 on or before September 1, 1868.

Call 6th. By resolution of September 3, 1868, $8400, to be paid on or before October 1, 1868.

Calls 7th and 8th. By resolution of December 31, 1868, $16,000, $8400 to be paid on or before February 1, 1869, and $8400 on or before March 1, 1869.

That the defendant had due and timely notice of these calls, and paid said amount of $84,000 at the times and in the sums following :

| | |
|---|---:|
| December 4, 1867, | $6000 00 |
| January 6, 1868, | 1000 00 |
| January 13, 1868, | 1400 00 |
| February 17, 1868, | 6500 00 |
| February 20, 1868, | 1000 00 |
| March 30, 1868, | 900 00 |
| May 17, 1868, | 8400 00 |
| August 19, 1868, | 8400 00 |
| September 25, 1868, | 7100 00 |
| September 29, 1868, | 1300 00 |
| October 17, 1868, | 8400 00 |
| March 30, 1869, | 9100 00 |
| April 8, 1869, | 8000 00 |
| May 15, 1869, | 7000 00 |
| August 7, 1869, | 9500 00 |
| · Total, | $84000 00 |

That such payment was made by the defendant, and accepted by the plaintiff, in full of the amount of said subscription, and a receipt was given by the plaintiff's treasurer to the commissioners, expressed to be in payment of the

Southern Central Railroad Company *v.* Town of Moravia.

eighth and final call. That this action was brought to recover interest, after the principal had been fully paid, and received as such. That interest was not stipulated for in the subscription, in the calls, or in any agreement; nor indeed was any claimed by the plaintiff until several months after payment of the amount subscribed had been made in full.

As a conclusion of law, the judge found that the defendant was entitled to judgment dismissing the complaint, with costs. And judgment being entered accordingly, the plaintiff appealed.

*D. Wright*, for the appellant.

I. Interest was payable upon the calls from the time they became payable, to the time when they were paid.

II. The several payments, when made, were not "accepted by the plaintiff in full of the amount of said subscription." The only evidence in regard to acceptance, is the several receipts. All the receipts are expressed to be in part payment, except one of May 7, 1868, one of August 19, 1868, one of October 7, 1868, and one of May 15, 1869, and those are expressed to be "in payment," &c.; but the last receipt is expressed to be in "in part payment," and hence, as a matter of fact, there is no evidence whatever, tending to show that the payment of an amount, in the aggregate, equaling the principal sum, "was made by the defendant and accepted by the plaintiff, in full of the amount of said subscription." On the contrary, the treasurer, on the 3d of November, 1869, claimed the interest, and refused to deliver the scrip for the stock until it should be paid. To prevent the recovery of interest, after an amount equal to the principal has been paid, such amount must have been received expressly in full payment, and no claim for interest have been made; or the debtor must have insisted that it be so received at the time. There is no legal principle shown upon which the court can make a distinction between the

case of money agreed to be paid, with interest, and the case of money agreed to be paid on a particular day, which the law declares shall draw interest from that day. In either case, the interest is no part of the principal debt, but it is an incident, and no more and no less so in the one case than in the other. In the case before the court, the payment of interest, in case the calls were not met, was just as much a part of the contract as if it had been expressly incorporated therein. The legal construction of the terms of a contract is just as much a part of it, as is the express terms or language thereof. The confusion in the books has grown out of the change of the rule in regard to the allowance of interest, and I concede that where interest is to be allowed or not allowed, in the discretion of the court or jury, in such case, if the principal is settled, without a claim for interest, no interest can be recovered. For the reason that where the wrong has been fully condoned or settled for, all the incidents are extinguished. (*See Tillotson* v. *Preston*, 3 *John.* 229; *Johnston* v. *Brannan*, 5 *id.* 268; *The People* v. *The County of New York*, 5 *Cowen*, 331; *Stevens* v. *Barringer*, 13 *Wend.* 639; *Fake* v. *Eddy's Ex'r*, 15 *id.* 76; *Jacot* v. *Emmett*, 11 *Paige*, 142.) The rule, as stated in these cases, seems to be, that where the creditor accepts the principal in full satisfaction of the debt, without claiming interest, he cannot recover the interest. And although I do not believe the rule is based upon any sound legal principle, yet, inasmuch as it does not sustain the defense in this case, I need not gainsay it. It does not apply to this case, for several reasons: 1st. The treasurer had no authority to forgive any part of the claim held by the plaintiff against the defendant. He had no more authority to remit the interest than he had to remit the principal. 2d. The treasurer never attempted to do any such thing; the receipts were printed forms, and proved nothing, nor could they be made, even if the terms thereof had been different, to

Southern Central Railroad Company *v*. Town of Moravia.

prove anything else. The only authority the treasurer had was to receive the amounts due, and to give receipts for the amounts paid. He had nothing to do in regard to the application of the moneys. 3d. The fact that the treasurer, as early as November 8, 1869, only three months after the last payment was made, demanded the balance due, stating an account charging principal and interest, and crediting the payments received, shows that he had no intention of receiving the last payment in full satisfaction. And the answer of the commissioner to that demand shows that no agreement on the part of the treasurer of the railroad company, to receive the last payment in satisfaction and discharge, was ever thought of by either party. The case in that respect is but a counterpart of the case in 5 *Cowen*. The commissioner, in answer to the treasurer's claim, writes: "We cannot pay it; we have no money wherewith to do so, even if the rightfulness of it were admitted." He then says the town auditing board instructs not to pay. 4th. The fact that the city of Auburn and all the other towns, either had paid, or agreed to pay, interest, also shows that the treasurer never supposed he had received the last payment in full satisfaction. 5th. And the fact that the treasurer refused to deliver certificates of stock until the interest should be paid, is further, and I submit, conclusive proof that the treasurer never intended to accept the last payment in full satisfaction and discharge of the whole amount due.

*S. E. Day*, for the respondent.

Interest was not stipulated for in the subscription, nor in any agreement between the parties. Yet, notwithstanding this, three months after the whole indebtedness had been paid, and receipts given therefor, the company claimed interest from the defendant, and the treasurer wrote to the commissioners, enclosing a "statement of interest due the S. C. R. R. Co.," and what he termed an "interest account."

In July, 1889, he wrote that the balance due from Moravia was $9,500, and that balance was afterwards paid. Under date of November 8, 1869, he again insists upon the claim for interest. On the trial, no objection was taken to the admission or exclusion of any evidence, and the findings of the judge, (SMITH,) are abundantly supported by the proof. The act under which this subscription to the stock was made, does not contemplate the payment by the town of anything more than the $84,000, and the annual interest on its bonds. (§§ 2 to 5, 7.) There remains, therefore, but the single question, whether the defendant is liable for interest, after full payment of the principal. "After payment of the principal of a debt, an action will not lie for interest merely." (*Johnston* v. *Brannan*, 5 *John.* 268. *Tillotson* v. *Preston*, 3 *id.* 229.) Interest is not a part of the debt, but something added to it. It is incident to the debt and cannot exist without it. (*Stevens* v. *Barringer*, 13 *Wend.* 639. *Fake* v. *Eddy*, 15 *id.* 76. *Jacot* v. *Emmett*, 11 *Paige*, 142.) The plaintiff maintains that the treasurer had no authority to waive payment of interest. The complaint alleges the debt of $84,000, and the payment of it. That is the end of the matter. There was nothing to waive. There is no proof that any part of the money was applied first to the payment of interest. Again, by the express terms of the subscription, payment was to be made to the treasurer alone. This the defendant has done, and taken his receipt. But had the treasurer's acts in taking the money and executing the receipts, been unauthorized, the subsequent reception of the money from him by the company ratified all his acts, and made them the acts of the plaintiff. (*Thompson* v. *Tioga R. R. Co.*, 36 *Barb.* 79.) Power to receive money implies power to give receipts.

Another answer to the plaintiff's claim is found in the fact that the town only consented to pay $84,000. That sum has been raised by the sale of bonds, and paid over. The authority of the commissioners is exhausted. The

Southern Central Railroad Company *v.* Town of Moravia.

town cannot, upon any plea or pretext, be made liable for any sum beyond that which its taxpayers consented to raise. If this is not so, those consents are nothing, and the statutory provision which inhibits the bonding of towns beyond fifteen per cent of their assessed valuation is nothing; and the one may be dispensed with, and the other defied and set at naught with impunity, as often as occasion may seem to require.

The *calls* do not create a liability to pay interest in case they are not immediately responded to. They are only available to enable the company to forfeit the stock of the town. (*Lake Ont. R. R. Co.* v. *Mason*, 16 *N. Y.* 464.) As to the application of payments, see *Stone* v. *Seymour*, 15 *Wend.* 19; 9 *Cowen*, 747; 16 *Wend.* 557; 3 *Caines*, 14; *Davis* v. *Fargo*, *Clarke's Ch.* 470.

*By the Court*, JOHNSON, J. The action was brought by the plaintiff to recover a balance alleged to be due on the subscription of the defendant, in its corporate capacity, to the stock of the plaintiff, under chapter 433 of the laws of 1866. The defendant subscribed for 840 shares of such stock, of $100 per share, to be paid, as the justice before whom the cause was tried finds, "in such installments and at such times as the plaintiff's board of directors might lawfully direct." The plaintiff's board of directors made eight several calls for distinct and separate portions of the said subscription, which calls, in the aggregate, amounted to the exact sum of $84,000. The several amounts called for were all paid by the defendant, but not at the time designated for payment in the respective calls.

The sole question presented by the case is, whether the action can be maintained to recover interest on the several amounts called for, while they severally remained unpaid, after the time specified for payment by the call. The judge, who tried the cause without a jury, has found, as a fact, that the whole principal of the subscription has

been paid. That this finding is entirely correct appears from the several receipts given by the plaintiff's treasurer, for the moneys received by him from the defendant. The last three receipts specify, that the amounts received were upon " the *eighth and final* call," and the full amount of that call is paid.

It appears from the receipts, that the third, fourth and sixth calls were paid at one time, and in one payment, and in each of those cases the receipt is in terms, " being in payment of ten per cent on his subscription. This being the third call," &c. In regard to the other payments, the amount called for was paid at different times, and in those cases the receipt is for each payment as made, and is properly expressed, " in part payment." Indeed, the whole case shows very clearly, that calls were made for the payment of the principal of the subscription, and nothing else, and that such principal was fully paid and receipted. Nothing was said about interest, and no claim made for it, until several months after the whole principal had been paid. This being the case, it is well settled, upon abundant authority, that an action for mere interest cannot be maintained.

There is no agreement to pay interest, by the terms of the subscription, at any time. Nothing became due upon the subscription until a call was duly made, and then, such amount only as was specified in the call. And if any interest accrued, it was only upon the amount called for, and after default in making payment at the day specified therefor. In all such cases, interest, when allowable, is allowed, not as part of the contract, but as an incident, and by way of damages for the default, to make the creditor good for the loss he has sustained by reason of the breach, or default. In that class of cases it has always been held, that after the principal of the debt had been paid, and received in full, no action could be maintained to recover interest. The reason is, that interest in such

Southern Central Railroad Company *v.* Town of Moravia.

cases being a mere incident, cannot exist without the debt, and the debt being extinguished, the interest must necessarily be extinguished also. This rule has been too long and too well settled to be now overthrown, or disturbed. (*Consequa* v. *Fanning*, 3 *John. Ch.* 587. *Tillotson* v. *Preston*, 3 *John.* 229. *Johnston* v. *Brannan*, 5 *id.* 268. *Stevens* v. *Barringer*, 13 *Wend.* 639. *Gillespie* v. *Mayor of New York*, 3 *Edw.* 512. *Jacot* v. *Emmett*, 11 *Paige*, 142.) A distinction has been made between such cases, and those where interest was made payable by the terms of the contract. In the latter case the interest is as much a part of the contract as the principal. It is not a mere incident which may be awarded by way of damages, but a substantive part of the contract, which may be enforced after the debt has been otherwise paid. (*Fake* v. *Eddy*, 15 *Wend.* 76.) If the account is composed of principal and interest, and the payments are received upon account merely, the part remaining unpaid upon the whole account will be regarded as principal, and an action will lie to recover it. (*People* v. *New York*, 5 *Cowen*, 331.) That is not this case. The only amount, or balance, claimed to be due from the defendant by the plaintiff's treasurer July 6th, 1869, was $9500, and this amount was paid and receipted August 7th, 1869. Nothing was heard, or suggested, about interest until three months had elapsed after the last payment. Then an account for interest was made up on the several amounts paid, for the term the defendant had been in default in making payment after the day named in the call for payment. This was evidently an after thought suggested by the necessities of the plaintiff, for additional means, in the prosecution of its enterprise.

The judgment is right, and must be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]