By the Court.—Curtis, J.
There are difficulties ■in the way óf granting the relief sought in this application. It ought not to be granted under any circumstances, unless the defendants were restored to the position in the case that they occupied at the time of the *480 settlement and closing- up of the controversy, which appears, on the whole, not" to have been an unwise or unfair disposition of the litigation at the stage when it was terminated, by the act of the parties through their respective counsel. To restore the defendants to their position, the money paid to the plaintiffs should be returned to them, and they should be restored to all their rights at the time of the settlement in respect to appeals, and to proceedings for a new trial now lapsed. There is nothing disclosed in the papers, that indicates, either willingness or ability on the part of the plaintiffs to place tile defendants in their original position. If the plaintiffs have been prejudiced by a mistake as to the law, it properly devolves on them, when asking to be relieved from the consequences, to evince a disposition to restore their "opponents to their original position, and least of all, to seek to profit by their own oversight.
Heither would it be just to reopen a controversy, because the counsel for one of the parties thinks that if he had previously known about a provision of the-statute that he has since discovered, that he would have claimed more in the statement of his demand than he did at the time he was paid, and believes that in the-contingencies of a further prosecution of the litigation, he might have recovered it. It would be a dangerous precedent to reopen a compromise, in consequence of a party thinking that if he had not overlooked some feature of the law, or the proofs, he might have obtained better terms. The payments to the plaintiffs were made under circumstances that may be regarded as such a compromise, that the receipt in full constituted a complete accord and satisfaction, and so far in the nature of a contract, as not to be varied by parol evidence (Coon v. Knap, 8 N. Y. R. 402).
A question also arises whether the payment of the verdict, the principal, did not extinguish the interest. *481 Where interest is made payable by the terms of the contract, its collection maybe enforced, although the principal-of the debt has been paid (Fake v. Eddy, 15 Wen. 76). But in that class of cases where interest is allowed, not as a part of the contract, but as an incident and in lien of damages, or as compensatory for some loss, by reason of a breach or default, it has been often held that after the payment of the principal of the debt, and its receipt in full, no action lies to recover interest, it being extinguished with the debt (S. Central R. R. Co. v. Town of Moravia, 61 Barb. 189). In the present case, the verdict is the principal of the debt, which the statute directs shall draw interest from the time of the-death of such deceased person, and be inserted in the-, entry of judgment. The statute declares a rule of damages by which the amount of a verdict may be increased,, by adding interest in the nature of a compensatory incident. There is no element of a contract in reference to this interest, and nothing that would seem to change « the rule, that when the principal, the verdict, is extinguished, the interest and all right or claim to it, is. extinguished.
There seems to be no good reason to disturb the-determination of this question made by the judge at. the special term, and the order appealed from should be affirmed, with costs to the defendants, to be paid out of the assets in the hands of the plaintiff, as administratrix.