# FIRST DEPARTMENT

AT

# GENERAL TERM,

## May, 1875.

4  429
14ap155

## THE TENTH NATIONAL BANK, Plaintiff, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Defendant.

*Action for interest cannot be maintained after acceptance of principal — Commissioners of Charities and Corrections — power of, to borrow money — chap. 9, 1872.*

A creditor who has received the principal debt as such in full, cannot thereafter maintain an action for interest.

The commissioners of charities and corrections have no lawful authority to borrow money and thus create a debt against the city of New York.

Provisions of chapter 9 of 1872, section 2, construed.

Motion for a new trial on exceptions ordered to be heard at General Term in the first instance.

The plaintiff alleges in the complaint that the defendant, on the 1st October, 1871, was indebted to it for advances of money theretofore made to the defendant by and through the department of public charities and corrections to the amount of $277,930.05, for which sum, with interest from October, 1871, it demands judgment.

The answer alleges payment of the debt set forth in the complaint, on the 8th October, 1872.

The proof showed that payment of the amount as alleged in the answer, was made in pursuance of a settlement of the claim agreed upon between the parties, and the court thereupon directed a verdict for the defendant.

*Henry H. Anderson*, for the plaintiff.

*D. J. Dean*, for the defendant.

DAVIS, P. J.:

The court on the trial directed a verdict for the defendant. We think the direction was right for several reasons. The loan made by plaintiff to the commissioners of charities and corrections in the form of overdrafts, amounted to the sum of $277,930.05 exclusive of any claim for interest. It was distinctly proposed by the defendant to pay that sum *as principal*, in full of the claims, and it was made a condition of the payment that the claim for interest should be waived. On this point there was no substantial conflict between the testimony of Mr. Strahan, who acted on the part of the defendant, and Mr. Palmer, who acted for the plaintiff; and the papers executed on the settlement showed that the payment of the principal was in full. This brings the case, we think, clearly within the decisions which hold, in substance, that where a creditor has received the *principal debt as such* in full, he can thereafter maintain no action for interest. There was no express contract in this case on the part of the city to pay interest. It was recoverable, if at all, only as damages upon some usage to be shown, from which a contract might be implied; and in such cases the acceptance of the principal in full, especially if accompanied by a waiver of interest as a condition of the payment of the principal, must be held to terminate all right of action for the debt or any of its incidents.* Again, the commissioners of charities and corrections had no lawful authority to borrow money, and thus create a debt against the city. The corporation was not liable to an action to recover the money because the debt was created

* Jacot v. Emmett, 11 Paige, 142; Gillespie v. Mayor, etc., 3 Edw. Ch., 512; Tillotson v. Preston, 3 Johns., 229; Fake v. Eddy's Executor, 15 Wend., 76; Consequa v. Fanning, 3 Johns. Ch., 587; Johnston v. Brannan, 5 Johns., 268

without authority and by an excess of power on the part of one of its departments. * The plaintiff was bound to take notice of this want of power and the limitations it imposed. † The act of 1872, ‡ which provided that "the comptroller shall be authorized and required to pay back * * * to the various banks, all moneys which have been advanced by said banks, or any of them, prior to December 31, 1871, to or for the use of any of the departments or commissioners of the city and county of New York," is not to be enlarged to cover more than is expressly provided for in the act. The duty is imposed upon the comptroller and not upon the city. He is authorized and required to pay "the moneys which have been advanced," and no provision is made for the payment of interest. Inasmuch as there was no existing legal obligation on the part of the city to pay the indebtedness at all, it will not be implied that the legislature intended to require the comptroller to pay interest on such moneys as well as the principal. Under such circumstances the expression of one should be construed to be the exclusion of the other. But, however this may be, it seems clear that it was in the power of the parties to solve the doubt or controversy that might arise as to the requirement to pay interest, by agreeing that the payment of the moneys actually advanced should be in full of all claims. There is no need to consider the constitutional question raised by the defendant's counsel. We think the motion for a new trial should be denied, and that the defendant should have judgment on the verdict, with costs.

Daniels and Brady, JJ., concurred.

Judgment affirmed.

* Laws of 1870, chap. 137, §§ 22, 101; Laws of 1860, chap. 510; Laws 1871 § 15, chap. 574.

† Dillon on Municipal Corp., §§ 380, 419; Hodges v. Buffalo, 2 Denio, 110; Donovan v. The Mayor, 33 N. Y., 291.

‡ Laws of 1872, chap. 9, § 2.