BENJAMIN F. MIDDAUGH, RESPONDENT, v. THE CITY OF ELMIRA, APPELLANT.

*Interest—when allowed as damages, it is barred by the receipt of the principal.*

The plaintiff, having received an assignment of a non-interest-bearing order, drawn upon the defendant's treasurer, presented it on September 3, 1872, to the treasurer for payment, which was refused for want of funds. On August 26, 1874, the order was again presented to the treasurer and paid by him, he then telling the plaintiff that he could not pay any interest thereon; that it was customary to have bills for over-due interest made out and presented to the common council, who issued orders therefor which he could pay. The order was then surrendered, the plaintiff stating that he would take the money, if he would not thereby release his claim for interest, but would not if he did thereby release his claim. The common council having refused to allow the claim for interest, this action was brought to recover the amount due.

*Held,* that the plaintiff was not entitled to recover. (BOCKES, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

One Wyckoff, having done work for the defendant, received in payment an order, not bearing interest, drawn on its treasurer, and signed by the mayor and clerk, for the amount due. This he transferred to the plaintiff. It was payable, by its terms, September 1, 1872. The plaintiff presented it September 3, 1872, and the treasurer refused to pay, because not in funds. On August 26, 1874, the plaintiff again presented the order to the treasurer, and received payment and surrendered the order. At that time the treasurer told plaintiff that he could not pay any interest. The plaintiff asked how he could get his interest. The treasurer told him the common custom, that they made out bills for over-due interest, and presented them to the common council; they issued an order and he could pay. The plaintiff testifies that he said if that did not release his claim, he would take it, if it did he would not; that they would go and see the city attorney.

About July 2, 1877, the plaintiff presented a claim for interest to the common council, and it was rejected. He then brought this action.

*E. C. Van Duzen,* for the appellant.

*Reynolds & Collin,* for the respondent.

LEARNED, P. J.:

The rule is stated in *Southern Central R. R. Co.* v. *Town of Moravia* (61 Barb., 180), that, where there is no agreement in the contract to pay interest, interest is allowed by way of damages only; and that, in such a case, when the principal has been paid in full, no action can be maintained to recover interest. This is established by several cases there cited. (And see *Riley* v. *Maxwell,* 4 Blatchf., 237.) It is plain that the treasurer had no authority to create any different obligation from that which the law imposed. His promise (if he had promised) to pay the interest would not be binding on the city. The conversation between the plaintiff and the treasurer can amount, then, at the most, only to a statement of the treasurer's opinion, on a legal point, that the surrender of the order would not release the claim for interest, and to a notice by the plaintiff, that he would not surrender the order, if that act did release the claim. There was no misstatement of fact by the treasurer. If the plaintiff mistook the law, the city should not be liable. We do not see anything in this case to take it out of the rule above mentioned. The settled rule is wise, and exceptions to it should be rarely allowed.

The judgment should be reversed, and a new trial ordered, costs to abide event.

BOCKES, J., dissenting:

It is not denied, that the order or warrant, drawn on the treasurer, was valid; and that the holder was, by law, entitled to have from the defendant the amount called for thereby, on its presentation for payment. It was duly presented and payment refused because of the want of funds. From that time the warrant or order drew interest. (*Marker* v. *Trustees of Pardue,* 56 Ind., 288.) The case cited fully and completely sustains the recovery here. The holder might waive interest, of course, and he would be deemed to have done so, in case he should accept the principal and surrender

the order unconditionally without claiming interest. In such case, interest being an incident to the debt, the surrender of the contract without any condition as to the interest, would operate as an extinguishment of the debt, and the right to interest, as an incident, would be gone. There is, in that case, a legal presumption that the holder of the claim waived his right to interest. This is the rule laid down in *S. C. R. Co.* v. *Town of Moravia* (61 Barb., 180–189, and cases cited). In the case cited, payment of the principal was made and accepted without any claim for interest; and a receipt was given which acknowledged payment in full. Such is not this case; and this case is unlike those cited on which the decision in 61 Barbour proceeded. Here was but a conditional payment and surrender of the order or warrant. The holder claimed interest; and the acceptance of the principal and the surrender of the order was upon the express condition that he should have interest on the debt. There has been no surrender of the order, save as accompanied with that condition. It is suggested that the treasurer of the city had no right to attach such a condition. But the defendant claims the benefit of the surrender, and must, therefore, take it with the condition attached, otherwise there had been no surrender; the right to interest remains, that is, a right to recover on the order to the amount by the unpaid interest. The surreptitious possession of the order by the defendant will not bar the plaintiff's claim; and there is either a surreptitious possession of the order by the defendant, or its possession is accompanied with a saving condition. There was no surrender, or else a surrender with a condition, which the defendant is, both in justice and law, bound to respect.

The judgment should be affirmed, with costs.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment reversed, new trial granted, costs to abide event.