## City Court.

*Special Term—May, 1888.*

## CLEMENT *against* GRANT.

**Severance of Action as to Principal and Interest.**—Interest is a mere incident of the principal, and, as a necessary consequence, follows it. An action cannot be severed so as to allow judgment for the principal, and permit it to be prosecuted for the interest alone.

McADAM, Ch. J.—The plaintiff sues for $72.70, with interest from January 5, 1888. The defendant admits the debt, and relies for his defense on a plea of tender. The dispute arose over a trifling claim of interest. The plaintiff now moves that the action be severed, that he be allowed judgment for the principal, $72.70, and proceed (if he so elects) for the trifling demand for interest. The answer to the application is that the interest is a mere incident of the principal, and, as a necessary consequence, follows it (1 *City Ct. R. Suppl.* 47). The interest cannot be separated from the principal so as to permit the action to be prosecuted for the interest alone (*Code,* § 511). As the tender pleaded was not kept good by payment into court (61 N. Y. 317), the plaintiff may take judgment for the $72.70 admitted to be due, with costs, but without costs of this motion. In other respects, the plaintiff's application must be denied.

### The Receipt of the Principal bars all Claim for Interest.

Interest is an incident to the debt ; and if the principal be paid, the interest falls with it, unless there is an express contract respecting interest.   In other words, a suit will not lie for the recovery of interest by itself, after the payment of the principal, unless there has been an actual contract to pay interest (Dixon v. Parks, 1 *Espinasse*, 110 ; Jacob v. Emmet, 11 *Paige*, 142 ; Tillotson v. Preston, 3 *Johns*. 229 ; Johnston v. Brannan, 5 *Id*. 267 ; Stevens v. Barringer, 13 *Wend*. 639 ; Lake v. Eddy, 15 *Id*. 76 ; Central R. R. Co. v. Maravia, 61 *Barb*. 180 ; Gillespie v. Mayor, 3 *Edw. Ch.* 512 ; 1 *Bouv. L. Dict.* 657 ; *Cowen Tr.* 646, 4 ed.; Riley v. Maxwell, 4 *Blatchf.* 237; Tenth Nat. Bank v. Mayor, 4 *Hun*, 429 ; affirmed, 80 *N. Y.* 660).

The reason for the rule seems to be that interest, being a mere incident, cannot exist without the debt, and, the debt being extinguished, the interest is extinguished also.

The same principle has been applied to costs after the payment of the principal (Bendit v. Annesley, 42 *Barb*. 192).   So, where railroad shares are transferred after interest has accrued thereon, the right to the accrued interest passes by the assignment.   The stock is the principal, and the interest merely the incident, and follows the former (Sloan v. N. Y. W. & R. R. R. Co., 1 *City Ct. Suppl.* 47).