1817.

*CONSEQUA *against* FANNING and others.

Notice of a motion to prove *exhibits*, at the hearing, must be served *four* days before the hearing.

*Papers* or writings, of every description, may be proved at the hearing, and the witnesses may be cross-examined at the discretion and under the direction of the Court. But no paper can be proved as an *exhibit*, at the hearing, unless satisfactory reasons be shown to the Court, why it was not regularly proved, in the usual way, before the *examiner*.

AN order was obtained and served on the plaintiff's solicitor, for liberty to prove, at the hearing, certain exhibits therein specified, viz. certain *letters* written by the plaintiff to the defendants, and also an *agreement* between the plaintiff and one of the defendants, and also certain *proceedings in the Circuit Court* of the *United States*, for the district of *New-York*, and a certain *order* by the plaintiff on the defendants.

*Riggs*, for the plaintiff, objected to the proving of those exhibits:

1. Because the order had not been served upon him four days before the hearing.

2. Because most of those documents were not under seal; and he contended, that the rule allowing of such proof was confined to deeds and records which could not be gainsayed, and admitted of no cross-examination. He cited *Wyatt's P. R.* 186. and *Bohun's Cur. Cancell.* 306. 2 *Vesey*, 472.

*T. A. Emmet*, contra, cited 1 *Harr. Prac.* 403, 404. 594. 2 *Madd. Ch.* 325, 326.

THE CHANCELLOR. The objection to the want of four *days' notice of the order is well taken, and, unless waived, is fatal.

(The counsel thereupon waived it.)

The old rules and practice of the Court confined the proof of papers, by examination of witnesses, *viva voce*, at the hearing, to deeds and copies of records. In *Pomfret* v. *Windsor*, (2 *Vesey*, 479.) Lord *Hardwicke* would not allow a receipt to be proved at the hearing, because it was an established rule, that such proof must be confined to the handwriting, and that you could not enter into an examination that would admit of a cross-examination. For the same reason it was held, in *Eade* v. *Lingood*, (1 *Atk.* 203.) that

*June* 14th.

[ * 482 ]

371

1817.

CONSEQUA
v.
FANNING.

a will could not be proved by a *viva voce* examination, at the hearing, for the defendant has a right to a cross-examination, and there is more to be proved than the mere execution of the instrument; and the sanity of the testator may be made a question. The same rule had been previously declared by Sir *Joseyh Jekyll*, (*Harris* v. *Incledon*, 3 *P. Wms.* 93.) and so extremely strict ˈwas the ancient practice of the Court, in respect to these *viva voce* examinations, that in *Bloxton* v. *Drewit*, (*Prec. in Ch.* 64.) a deed could not be proved, at the hearing, where the witnesses were dead, by proving their hands, and the master of the rolls put off the hearing, to enable the party to prove the deed in the regular way.

There was an attempt made, in *Graves* v. *Budget*, (1 *Atk.* 441.) to relax the severity of this practice, by a motion for leave that witnesses might prove exhibits at the hearing, and that the defendant might cross-examine them. But the lord chancellor refused the indulgence, and held, that it would be contrary to the course of the Court, which was the law of the Court. Its principle was to proceed upon written evidence. Witnesses are examined *viva voce* very sparingly. They are never examined at large at the hearing. They are only let in to prove exhibits when the application is by the party who is to use them.

[*483]　*On such strong authority the ancient practice of the Court rested, and yet the modern books prove clearly a relaxation of the former rule. They extend the proof by witnesses, at the hearing, to all kinds of writings, as letters, accounts, &c. (1 *Harrison's Prac.* 594, 595. 2 *Maddock's Ch.* 325.) The Court is more liberal than formerly. Mr. *Dickens*, the register, (*Dickens's Rep.* 642.) says, these *viva voce* examinations of witnesses at the hearing, was a constant practice, and, to his knowledge, it had been the practice, almost every day, for fifty years. Lord *Eldon*, in the late case of *Turner* v. *Burleigh*, (17 *Vesey*, 354.) went further, and completely overturned the rule to which Lord *Hardwicke* so pertinaciously adhered : he said, that there might be a cross-examination, on proof, *viva voce*, of an exhibit, and that the Court would examine on the suggestion of any question. This was establishing a most reasonable course, for it is unjust to allow of any examination on one side, and not to permit a question to be put on the other.

These examinations, at the hearing, ought, undoubtedly, to be very sparingly used, or they would tend very much to delay and embarrass business, by changing the whole practice of the Court, and giving it a *nisi prius* character. In my opinion, no paper whatever ought to be proved at the

hearing, without satisfactory reasons being assigned why it was not proved in the regular way, before the examiner; when the exhibit is to be proved in Court, the rule ought to apply equally to writings of every description, and a cross-examination be permitted under the direction and at the discretion of the Court. These are the principles by which such practice is to be governed in future, and the proof in question is, consequently, to be admitted.

1817.

CONSEQUA
v.
FANNING.

With respect to the mode of bringing on such applications, the books of practice speak of a previous order to be obtained, on motion or petition. But it was hinted in *1 *Johns. Ch. Rep.* 560. that notice might be a substitute for the order. That appears to me to be the more convenient practice; and, therefore, I shall, hereafter, require only notice to be duly given to the opposite party of an intention to make such proof at the hearing; and the deed, writing, letter, &c. to be proved, must be sufficiently described in the notice; and when the motion is made, I will then determine on the sufficiency, not only of the notice, but of the reason for the departure from the regular course.

[ * 484 ]

N. B. The objection to the regularity of the notice being waived, the papers were, accordingly, proved bv witnesses produced in Court.