1831.

Stewart
v.
Ellice.

---

STEWART and others *vs.* ELLICE.

In the absence of any agreement on the subject, a debt is presumed to be payable at the place where it was contracted, and where the creditor resides; and interest is to be computed according to the rate allowed by the laws in force at that place.

The court will not hear a cause, merely to decide a claim for costs, although the parties have compromised the suit, reserving the question of costs for the decision of the court.

April 5th.

THIS was a case agreed upon between the parties; and the only questions submitted to the court, were as to the mode of computing interest on a debt acknowledged to be due from the defendant, who resides in England, and as to the costs of a former suit. The defendant insisted that he was only liable for interest according to the laws of England, and not for the interest allowed by the laws of this state, where his agent resided, and expended the money for his use, on property lying here.

*D. Burwell*, for the complainants.

*A. Van Vechten*, for the defendant.

THE CHANCELLOR. On an examination of the papers submitted to me in this cause, I see no sufficient evidence of an agreement or understanding between the parties that the interest should not be computed in the usual manner, or that it should be paid in England. On general principles, in the absence of any agreement on the subject, the money is payable where the creditor resides, and the interest is to be compu--

ted at the rate allowed by the law of the country where the contract was made, or is to be performed. The complainants appear to have computed it in conformity to the rules of law. It is impossible to decide whether Ellice or Girvan ought to pay the costs of the former suit, without going into a full hearing of the merits of that case. This has been rendered impossible, by the compromise between the parties. The rule of the court is, that if a suit is compromised or settled, without any agreement as to costs, each party must bear his own. And if the parties settle the cause between themselves, reserving the question of costs, the court will not hear the cause on a question of costs merely. (*Gibson* v. *Lord Cranley*, Mad. & Geld. R. 365. *Roberts* v. *Roberts*, 1 Sim. & Stu. 39. *Eastburn* v. *Downes*, 2 John. Ch. R. 317.)