*ABRAHAM VARICK, Surviving Executor of RICHARD VARICK, deceased, v. DANIEL CRANE and Wife.

If a bond and mortgage, given by a resident of New-Jersey to a person temporarily residing there, but having his permanent residence and his place of business in New-York, be made and executed in New-Jersey, but delivered to the obligee at his place of business in the city of New-York, and the money there paid, the place of the contract is in New-York, and interest is to be computed according to the laws of that state, although the obligee be described in the bond as *now* of the state of New-Jersey.

Nor will the construction be affected by the circumstance that the bond and mortgage were given to secure the purchase money of land in New-Jersey.

Where a party's residence is in one state, and his place of business in another, the presumption is that his contracts are made rather at his place of business than at his place of residence.

In the absence of any direct evidence of the place in which the contract was made, the money advanced, or the papers delivered, the presumption obtains that the contract was made at the place where the person lives who is to receive the money, or where the contract is to be performed; and this presumption is not overcome by the fact that the obligee lived in another state, and that the bond and mortgage were made and executed, and the mortgage recorded there.

If a contract is susceptible of two constructions, that should be adopted which will render it operative, rather than that which will render it void.

The taking of usurious interest upon a bond, will not vitiate a valid instrument, but if taken by the obligee it furnishes prima facie evidence that the original agreement was corrupt.

To constitute usury there must be a corrupt agreement to receive more than the law allows by way of interest.

The second section of the act against usury, by which it is enacted, that all mortgages made for the payment of money lent, on which a higher interest is received or taken than is allowed by the said act, shall be utterly void, applies only to securities given contrary to the provisions of the *first* section of the act, and does not avoid a mortgage made and executed in this state, to secure the payment of a bond upon which a higher rate of interest is reserved, if the bond is valid by the law of the place of the contract.

BILL for the foreclosure of a mortgage given by a citizen of New-Jersey, upon lands in said state, to a citizen of New-York.

* The opinion in this cause was delivered at April term, eighteen hundred and thirty-eight, after the expiration of chancellor Dickerson's term of office.

The answer sets up usury as a defence. The facts relied upon to sustain the defence are fully stated in the opinion of the master. The chancellor having been of counsel for one of the parties, the cause was heard upon the pleadings and proofs, before PHILEMON DICKERSON, esquire, one of the masters of the court, who was called to advise with the chancellor upon the hearing.

*Frelinghuysen*, for complainant.

*A. S. Pennington*, for defendants.

THE MASTER. In this case the bill of complaint was filed by John V. Varick and Abraham Varick, executors of Richard Varick, deceased, to foreclose a mortgage given by the defendants to Richard Varick in his life time. Since the commencement of the suit, John V. Varick has died, and the suit is now carried on by the survivor.

The mortgage is in the common form, dated on the tenth of June, eighteen hundred and thirty-one, and was given to secure the payment of a bond of the same date, given by the defendant, Daniel Crane, to Richard Varick, in the penal sum of six thousand dollars, conditioned to pay three thousand dollars on or before the first of November then next, with lawful interest.

The defendant, in his answer, sets up usury by way of defence, and the question arising upon that defence is the only one which is now submitted for consideration. The answer alleges, and it is admitted, that the consideration for which the three thousand dollar bond was given, was the amount of two other bonds, which Richard Varick held against the defendant, one for one thousand nine hundred dollars, and the other for four hundred dollars, with the interest on said bonds, calculated at seven per cent., and the balance in cash; and it is insisted by the defendant that the said two bonds were six per cent. bonds, and that the three thousand dollar bond is tainted with usury, because seven per cent. interest was charged upon those two

bonds in order to make up the consideration of the last bond; and if it be true that either of those two bonds drew but six per cent. interest, the three thousand dollar bond is usurious and void.

It is therefore manifest, that the decision of the case rests upon the character of those two bonds; in order to ascertain which, it is necessary to examine them separately, as they were given at different times, and the evidence as to the two is in some respects different.

It is not at this time necessary to cite authorities to prove that contracts, as to their construction, are generally governed by the *lex loci contractus*. But when they are to be enforced, the *lex fori* prevails. There are, however, some principles of law, or rules of evidence, whereby to ascertain the place of the contract, which require examination in the investigation of this case. For, according to my view, its decision depends upon the place in which the contract was made, or in which, from the circumstances of the case, the law presumes it was made.

It is manifest that the parties, at the time of the loan, considered this one thousand nine hundred dollar bond as a New-York bond, and that it would yield seven per cent. It appears by the testimony of Mr. Woolsey, that Mr. Varick agreed to make the loan at the New-York rate of interest; and when the three thousand dollar bond was given, the interest on the other bond was calculated at seven per cent. without objection on the part of the defendant.

But the important inquiry yet remains, whether that bond was in fact and in law a seven per cent. bond. The general principles which govern this case, appear to be well settled, and the difficulty grows out of the uncertainty as to facts, rather than the principles of law and equity applicable to those facts. As to the place where the original contract for the loan of the one thousand nine hundred dollar bond was made, there is no direct evidence, and we must therefore be governed by the presumptions fairly to be drawn from the facts of the case.

On the part of the complainants it appears, that Richard Va-

[Varick's Ex'r v. Crane.]

rick, with whom the contract was made, was a citizen of the state of New-York, and had his permanent residence in the city of New-York, except during the hot months of the summer, when with his family he resided at Jersey City. His office was in the city of New-York, in which he transacted his business at all times, including the time of his temporary residence at Jersey City. This bond and mortgage were delivered in the city of New-York, and the money paid and receipts given there.

On the part of the defendants, it appears that he resided at Jersey City, where the land described in the mortgage lies. The papers were made out at his request, and executed by him at Jersey City, and the mortgage recorded there. The obligee, Richard Varick, at the date of the bond had his temporary residence at Jersey City, and in the bond he is described as being "now" of Jersey City.

Under these circumstances, what is the fair presumption as to the place of contract?

The fact that the papers were made out and executed at Jersey City, at the request of the defendant, might have some weight, if there were no other evidence upon the subject; but in this case the existence of other facts, affording stronger presumption, renders this fact altogether immaterial.

That the land is situate in New-Jersey, and of course the mortgage recorded there, I consider as unimportant in this case, although in the absence of all other evidence upon the subject, that fact might have been the foundation for a fair presumption that such was the place of the contract.

The next fact, that the bond describes the obligee as being at the time of Jersey City, is merely corroborative of the direct evidence upon the subject, that he did at that time in fact live there; and the word "now" appears to have been introduced as explanatory of the temporary nature of his residence. But all presumption as to the residence of the parties, arising from these circumstances, must yield to the direct evidence upon the subject.

We then have this case in point of fact. Richard Varick, the obligee, was a citizen of the state of New-York, and residing

permanently in the city of New-York. During the summer months he resided in Jersey City, but still kept his office in the city of New-York, where he transacted his business.

On the fourth of August, eighteen hundred and thirty, when he had his temporary residence at Jersey City, he loaned the money in the city of New-York, and there received the bond and mortgage for the same, which mortgage is upon land in Jersey City. The bond reserves lawful interest, without specifying the rate. The interest of the state of New-York is seven per cent. and of New-Jersey is six per cent., and the question is whether the contract for this loan shall be presumed to have been made in New-York or in New-Jersey. If this is not to be considered a New-York contract, it must be because the obligee, at the date of the contract, had a temporary residence in New-Jersey, at the same time that he kept his office and transacted his business in the city of New-York.

Upon general principles, if a man reside in one state and transacts his business in another, it would be presumed that his contracts were made at his place of business, rather than his place of residence, and in this case that presumption is confirmed by the fact that the papers were actually exchanged and the money paid at his place of business.

If a resident of New-Jersey receive goods of a New-York merchant, in the city of New-York, where his store is kept, the presumption of law would be, that the contract for those goods was made in New-York, although the New-York merchant, at the time, had his temporary residence in New-Jersey. And so of a broker or money lender, who has his office permanently in New-York, and a resident of New-Jersey receives money of him by way of loan, at his office in New-York, it would be considered a New-York contract, although the broker, at the time, resided in New-Jersey. And the correctness of this view may be illustrated by reversing the case and placing the merchant or broker in New-Jersey, where the interest is but six per cent., and the customer in New-York; in that case, if the merchant resides permanently in the state of New-Jersey, and keeps a store in Jersey City, where he sells goods to a resident of New-York, and

takes a note for the amount of those goods, upon suit brought in our courts upon that note, it would be considered a New-Jersey contract, and the plaintiff could not change its character, by showing that he resided with his family during the winter months in the city of New-York, and that this particular sale of goods took place during such residence.

For these reasons, I am of opinion that the circumstances of the case warrant the presumption that the contract, as to the one thousand nine hundred dollar bond, was made in the city of New-York, and consequently that it was subject to the laws of New-York.

As to the character of the four hundred dollar bond, I think there can be no doubt. At the date of that bond the obligee was a citizen and resident of New-York, and transacted his business there, and in the bond itself he is described as being of the city of New-York; and in the absence of any direct evidence of the place in which the contract was made, or the money advanced, or papers delivered, the presumption of the law is that the contract was made at the place where the person lives who is to receive the money, or where the contract is to be performed, 2 *Paige*, 604; and that presumption is not overcome by the facts in this case, that the obligor lived in Jersey City, and that he had the bond and mortgage made out there, and of course, the mortgage recorded there.

I am of opinion, therefore, that the four hundred dollar bond was also a New-York bond, and of course that the interest was properly charged at seven per cent. upon these bonds, when they were taken up by the three thousand dollar bond. And if I had serious doubts upon the subject, I should arrive at the same conclusion, upon the principles of law laid down by the court, in the case of *Archibald* v. *Thomas*, 3 *Cowen*, 284; that if a contract is susceptible of two constructions, that one should be accepted which would render it operative, rather than the one which would render it void.

But it also appears in evidence, that the complainant, who is the executor of Richard Varick, deceased, actually received of the

[Varick's Ex'r v. Crane.]

defendant, interest at the rate of seven per cent. upon this three thousand dollar bond, which is admitted to be a six per cent. bond. And it was insisted, that although the taking of usurious interest does not vitiate a valid contract, yet it furnishes prima facie evidence that the original agreement was corrupt. This doctrine is without doubt correct, but it does not appear to apply to the case, for from the very statement of the principle, it appears to be but prima facie evidence, and of course that the party is at liberty to rebut by other evidence, the presumption arising from that fact; and in this case such other evidence has been offered. Besides, the force of the presumption in this case is broken by the fact that the money was received, not by the person who made the contract, but by his executor.

In order to constitute usury, there must be a corrupt agreement to receive more than the law allows, by way of interest. If the contract in terms reserves more than the law allows, it is presumed to be corrupt and is usurious, but that presumption may be repelled, by shewing that it arose from mistake; so if the contract reserves lawful interest, without stating the rate, and the party receives more than the law allows, it is prima facie evidence that the original agreement was corrupt, because the person who made the contract, is presumed to know what interest was reserved; but the presumption ceases when the money is received by an executor, who, from the nature of his office, could not be presumed to know any thing about the original contract, except that which he obtained from an inspection of the papers themselves.

When we take into consideration the situation of this executor, settling an estate of a New-York testator, and that estate composed principally of New-York contracts, and when we find the defendant paying this seven per cent. without objection or remark, and apparently with a design thereby to lay the foundation of the plea of usury, it appears to me that it would be a violation of all rules, to presume from that fact, that the testator, in taking this bond, stipulated for the payment of seven per cent. or that the transaction was usurious.

Another point was raised upon the argument, although not much urged : that a mortgage which is made and executed in New-Jersey, to secure the payment of any bond, upon which more than six per cent. is reserved, is void by the operation of the second section of our act against usury.

That section declares, " that all notes, mortgages, &c. which shall be made for the payment of money, &c. on which a higher interest is reserved or taken, than is hereby allowed, shall be utterly void :" *Rev. Laws*, 269.

According to the strict literal construction of this section, it might embrace this case ; but it is a sound rule " that such con-struction should be put upon a statute as may best answer the intention which the maker had in view :" 6 *Bacon*, 385.

By the first section of this act the rate of interest was estab-lished, and the obvious intention of the second section was to render void any security given contrary to the provisions of the first section.

But it certainly could not have been the intention of the legislature, to render void a mortgage which should be given to secure the payment of a valid bond, and of course, if the bond in this case be a valid bond, the mortgage cannot be subject to the operation of that section.

Upon the argument, some reliance was placed upon the fact that this bond was given in part for the purchase of land in New-Jersey ; but it is well settled that this circumstance makes no difference : 1 *John. Cases*, 365 ; 1 *Vesey, sen.* 428 ; 3 *Atk.* 727.

Upon the whole case, I am satisfied that this bond is not tainted with usury, and therefore, respectfully advise the chan-cellor that the complainant is entitled to recover.

Decree accordingly.