## BOGARDUS a. RICHTMEYER.

*Supreme Court, First District; Special Term, July,* 1856.

SERVICE OF ORDER OF SUBSTITUTION.—COSTS.—PAYMENT OF DEBT.

In case of substitution of an attorney, it is sufficient to serve *notice* of substitution; the *order* need not be served.

Where defendant, after suit brought, called at plaintiffs' store, and in their absence paid to a clerk, who was ignorant that suit had been brought, the amount claimed in the complaint, but without costs:—*Held*, that plaintiffs were notwithstanding entitled to costs.

Motion to set aside inquest on ground of irregularity, or to open it upon the merits.

The action was brought by Bogardus and Barrows against Richtmeyer and Bliss.

WHITING, J.—One of the defendants, after suit brought, went to the store of the plaintiffs, and in their absence paid a clerk (who was ignorant of the existence of the suit) the amount claimed in the complaint.

He concealed from the clerk the fact that a suit had been brought against them. The plaintiffs immediately insisted upon the payment of the amount allowed by the Code, called costs, and demanded them of the defendants. Instead of paying them, they put in a plea of payment. The cause being thus at issue, was noticed for trial, and at the last circuit being regularly called upon the calendar, the plaintiffs took an inquest by default, and entered up their payment for the claim and their costs. The plaintiffs claim the costs only. The suit was commenced by C. B. Smith & Norton, plaintiff's attorneys. Norton was afterwards substituted, and gave notice of substi-

tution, but did not serve any order of substitution; this is the irregularity complained of.

Notice of substitution was sufficient, the rule need not be served. (Dorlon *v.* Lewis, 7 *How. Pr. R.*, 182.)

The only question of importance is whether the defendants should be let in on the merits. Payment before suit brought is a good bar. So payment after suit brought might formerly have been given in evidence, under the plea of the general issue. (3 *Burr.* 1845; 7 *Mass.*, 825.) If the money was paid into court, the plaintiff might take it out, and proceed in the cause, unless the costs up to such payment into court were also paid. If the defendants only paid the amount of the plaintiff's claim, he had no other remedy to recover his costs. In such cases the plaintiff took judgment for the whole debt or for nominal damages, and recovered his costs as in other cases. (1 *Camp.*, 558; *Graham's Practice*, 459.)

The payment to the clerk should be treated in this case as if the money had been paid into court, or as if it had been tendered under the statute. In such cases the payment or tender must be of the amount due, and the costs of suit to the time of the tender. (People *v.* Banker, 8 *How. Pr. R.*, 258). In this case, as matter of law, the plaintiffs are entitled to their costs, and I can see no good reason for setting aside the inquest.

The defendants have no right to complain of this. To have made the payment effectual, they should have paid the costs when they were demanded of them. They chose to take the hazard of a large bill of costs when they put in their plea, and must abide their misfortune.

I find the cause has been upon the calendar eight terms. I shall deny the motion, without costs on this motion.