# WILLIAMS *a.* HERNON.

*Supreme Court, First District; General Term, May,* 1863.

## SUPPLEMENTAL ANSWER.——DEFENCES.

If, after issue joined, other matters constituting a defence arise, they can be taken advantage of only by supplemental answer.

Thus, in an action for the partition of land brought by the grantee in the sheriff's deed after sale on execution, evidence that, after issue joined, the judgment under which the sale took place was vacated, is inadmissible unless it has been so pleaded.

Appeal from a judgment.

This action was brought by Joseph H. Williams and Angeline M. his wife, against Bridget, Mary, Ann T., and Joseph A. Hernon, William C. Barrett, and Thomas White, for the partition of a lot of land in Eighteenth Street, in the city of New York. The Hernons defended; issue was joined December 6, 1859. The cause was tried before Philo T. Ruggles, referee.

The plaintiff proved that Thomas Hernon, deceased, at the time of his death was seized in fee of the premises described in the complaint, and in possession of the same. That he died intestate. That he left him surviving, his widow, Bridget Hernon, and four children, James, Mary, Joseph Andrew, and Ann Terressa. James was of full age: the others were infants.

The plaintiff gave in evidence a certified copy of a confession of judgment in the Supreme Court in favor of Joseph H. Williams against James Hernon for $1,250.43, debt and costs, and docketed in the office of the clerk of the city and county of New York. The plaintiff also proved an execution upon this judgment to the sheriff of the city and county of New York against the property of the said James Hernon; and a sale by the sheriff under such execution to Joseph H. Williams, the plaintiff, of all the right, title, and interest of James Hernon in the premises described in the complaint. The plaintiff also

gave in evidence a deed executed in pursuance of such sale under the hand and seal of John Orser, late sheriff, whereby the sheriff granted and conveyed to Joseph H. Williams all the right, title, and interest of James Hernon in the premises, acknowledged and recorded. The counsel for the defendant, Bridget Hernon, offered in evidence an order of the general term of the Supreme Court, made on the 30th day of May, 1861, vacating and setting aside the judgment of Joseph H. Williams against James Hernon. The plaintiff objected to the admission of the same in evidence, on the following grounds: 1. That it was not admissible under the pleadings. 2. That it did not affect the plaintiffs' title, nor vitiate the judgment, except from the time the order was made. 3. That the defendants in this action could not take advantage of the same. The referee overruled each objection, and admitted the order, and plaintiffs' counsel excepted. The referee held that the plaintiffs had no interest in the premises described in the complaint, and had proved no cause of action, and that the complaint should be dismissed, with costs. To which decision of the referee the plaintiffs' counsel excepted.

From the judgment entered on the report of the referee, the plaintiffs appealed.

*Thomas Stevenson*, for the appellants.—I. A confession of judgment, though void on its face as to subsequent judgment-creditors, is good as against the judgment-debtor himself. (Von Keller *a.* Muller, 3 *Abbotts' Pr.*, 375 ; Beekman's Administrator *a.* Kirk, 15 *How. Pr.*, 229 ; Neusbaum *a.* Keim, 24 *N. Y.*, 325.) It follows, therefore, that his property can be sold thereunder, and as against him the purchaser will acquire a good title. (Shelden *a.* Striker, 4 *How. Pr.*, 329.)

II. By the sale and sheriff's deed, the interest of James Hernon in the premises became vested in the plaintiff, Joseph H. Williams. The judgment was then in full force. The plaintiff has never been devested of that title.

III. The referee erred in admitting the order in evidence. The order was made after the answer of the defendant. No supplemental answer had been filed. It could only have been given in evidence, if at all, under a supplemental answer. (*Code*, § 177 ; Hornfager *a.* Hornfager, 1 *Code R.*, *N. S.*, 180.)

Williams *a.* Hernon.

IV. The defendants did not claim any interest in the share of the plaintiffs in the premises, or lien thereon; nor were they creditors of James Hernon, or entitled to any benefit from the order.

V. The plaintiff, Joseph H. Williams, was a purchaser for a valuable consideration, though the purchase-money was applied to the payment of his debt; and his title is not affected by any equity existing between James Hernon's creditors, or the order subsequently made vacating judgment. (Wood *a.* Chapin, 13 *N. Y.*, 509; Jackson *a.* Carman, 13 *Johns.*, 97; Jackson *a.* Davis, 18 *Ib.*, 7; 1 *Cow.*, 622; 4 *Barb.*, 180; 4 *Den.*, 480; 5 *Cow.*, 269.)

*Barrett & Brinsmade,* for the respondents.—I. The judgment was absolutely void, both upon its face, and for fraud *aliunde* the statement; and so the court at general term held. Had the court acted merely upon the insufficiency of the statement, the judgment would have been set aside only as against the judgment-creditor; it would not have been absolutely set aside and vacated of record. And the court, in setting aside the judgment, treated the proceeding practically as though it came up on a bill filed by James Hernon to vacate the judgment on the ground of fraud, and to restore the property obtained thereunder.

II. The only point taken by the appellants which admits of discussion is, whether a party can be devested of a title acquired under an invalid judgment, previous to a judicial declaration of such invalidity. But this question would only be debatable when the title had been acquired by an innocent third person; and even in his case the inquiry would be whether the judgment was void or voidable: Setting aside the extrinsic fraud, the statement having been held to be insufficient, the judgment is not voidable, but void. (Von Beck *a.* Shuman, 13 *How. Pr.*, 472; Winnebrenner *a.* Edgerton, 30 *Barb.*, 185.)

III. Neusbaum *a.* Keim (24 *N. Y.*, 325) is not applicable to this case, because the question is not whether the plaintiffs can attack a fraudulent conveyance, but whether they have adduced affirmatively a perfect title to real estate. Now, if the judgment is an essential link in the chain, it must be perfectly

regular, and without defect, as much so as the execution of the sheriff's certificate of sale, and his deed. And in any event, a distinction must be made in a case on which the title to real estate is forever barred; for the other tenants in common have a vital interest in seeing that the plaintiff's title is perfect.

IV. As to the admissibility of the order of the court at general term under the pleadings. The plaintiffs allege title. Issue is joined on this: the plaintiff introduces evidence to sustain his allegation; the defendants offer the order and vacatur to sustain their demand: this was matter of evidence, not a thing to be specially pleaded, so that a supplemental answer was neither necessary nor proper. To say that radical defects in the title should be set up in the answer is absurd, for that would involve the presumption that the defendants were bound to be thoroughly acquainted with the plaintiffs' chain of title; the presumption, in fact, being that they know nothing at all about it until it is produced.

BARNARD, J.—The rights of parties to an action are to be determined according to the state of facts existing at the time of issue joined. The only exception to this rule is that which obtains in relation to the measure of damage in a certain class of actions. If, after issue joined, other matters constituting a defence arise, they can only be taken advantage of under a supplemental answer.

Now, under the pleadings in this case, any matters existing at the time of issue joined, showing that the plaintiff then had no title, could be insisted on; but the defendant could not, under the present pleading, insist on the order of the general term made since issue joined, vacating the judgment under which the plaintiff claims, as proof that plaintiff had no title when issue was joined. Nothing but the simple order of vacatur, reciting no adjudication on any fact, is put in evidence. That order is not proof of any pre-existing fact. It is an adjudication, and the only effect it can have is to establish a matter occurring subsequent to the joining of issue, viz., that the judgment having been vacated, cannot support plaintiff's title. This must be taken advantage of by supplemental answer.

The decision might have been referred to in an argument on the question of the validity of the judgment by confession, for

the purpose. of attacking that judgment by reason of matters appearing on its face, with the view of showing the exposition of the law in this particular case by this court. But it was not so referred to—it was put in evidence for the purpose of showing the fact of the vacation of the judgment; and for aught this court can say, the referee arrived at his conclusion, on the sole ground that that judgment having been vacated, the plaintiff could not make title under it.

Without expressing any opinion upon the point whether the effect of the vacation of the judgment by confession, on an application by a creditor, would be such as to prevent the plaintiff from claiming any right or title in the premises by virtue of the sheriff's deed, the judgment must be reversed on the ground that the order of the general term was improperly received under the present pleadings.

SUTHERLAND, P. J., concurred.

CLERKE, J., expressed no opinion.

Judgment reversed, and new trial ordered.