65b 27
154a 414

## HALL *vs*. OLNEY.

The pleadings relate to the time of the commencement of the action. Evidence
of facts transpiring, or of a defence, in whole or in part, occurring, after
the commencement of an action, and issue joined therein, can only be re-
ceived upon, and in support of, a supplemental answer, put in by leave of
the court.

Proof of payment to the sheriff, after the commencement of an action for the re-
covery of a debt, and issue joined therein, of a part of such debt, by the
defendant therein, under section 293 of the Code, and of the application
thereof upon an execution in his hands, issued against the plaintiff, is simply
proof of payment, and should be pleaded.

It is error for a justice of the peace, on a trial before him, to receive evidence
of the making of such a payment since the commencement of the action and
joining issue therein, without an amendment of the answer, by leave, for that
purpose. And he cannot afterwards, and after the case has been submitted
to him for decision, correct the error by rejecting the evidence.

THIS is an appeal from a judgment of the county court of Jefferson county, reversing a judgment of a justice of the peace. The action was for work and labor. It was commenced by summons, issued September 2, 1871. The parties appeared and joined issue on the return day of the summons, and the case was then adjourned to the 23d of the same month, when it was tried. On the trial the defendant offered in evidence an execution issued on a judgment against the plaintiff, in favor of one Dunn, recovered in this court in 1868, for $83.21, which execution was delivered to the sheriff of the county of Jefferson, September 9, 1871, with a certificate dated the same day, signed by said shereiff, certifying that he had received from the defendant in this action $50, the amount of a debt due by Olney to Hall, the defendant in the execution. This evidence was objected to by the plaintiff as not admissible under the answer, and on the ground that such payment was made to the sheriff after the commencement of this suit. The justice overruled the objections, and received the evidence. At the conclusion of the trial, the justice took four days for the decision of the case, and on the decision rejected such evidence, and gave judgment for the plaintiff, and found due him, independent of such certificate or receipt from the sheriff, $53.22. On appeal to the county court this judgment was reversed, and the plaintiff appealed to this court.

*Moore & McCartin,* for the plaintiff.

*D. O'Brien,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. The judgment of the justice was reversed upon the single ground that having received the certificate, showing payment by the defendant to the sheriff, upon execution against the plaintiff, made pursuant to section 293 of the Code, it

Hall *v.* Olney.

was error in him afterwards to disregard it and render judgment as if it had not been received. In this, I think, the county court decided correctly. The justice doubtless erred in receiving the evidence. It was not admissible under the pleadings; these relate to the time of the commencement of the action. Evidence of facts transpiring, or of a defence, in whole or in part, occurring, after the commencement of an action, and issue joined therein, can only be received upon and in support of a supplemental answer put in by leave of the court. If the defendant had asked leave at the trial, to put in a supplemental answer, setting up this payment, it might have been allowed, on payment of all the costs of the action up to that time, and the plaintiff might have elected to discontinue the action upon such offer. Proof of such receipt by the sheriff was simply proof of payment, and should be pleaded. The justice erred in receiving the evidence, but he could not afterwards, and after the case had been submitted to him for decision, correct such error to the injury of the defendant, and when he could not rectify the mistake he committed by offering such evidence, without an amendment of his answer, by leave for that purpose. The judgment of the county court should therefore be affirmed.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]