### UNITED STATES LIFE INS. CO. *v.* GAGE *et al.*

*(Supreme Court, Special Term, New York County. November, 1890.)*

DEFICIENCY ON FORECLOSURE—ACTION AGAINST HEIRS.

    A mortgagee sued the heirs of the deceased mortgagor to subject the proceeds of a partition sale of the mortgagor's realty to the mortgagee's judgment for a deficiency in foreclosure proceedings. The other creditors of the mortgagor were also joined as defendants. A demurrer to the complaint was sustained, on the ground that the mortgagee had not obtained leave to sue from the court which rendered the foreclosure decree. Such leave was subsequently obtained, and the mortgagee amended his complaint accordingly. On appeal by some of the defendants, the order granting leave to sue was reversed. *Held,* that a motion to set aside the summons, because no leave to sue had ever been obtained, made by one of the defendant creditors who had not answered the amended complaint, would be denied, but that defendants would be permitted to set up these facts by a supplemental answer.

At chambers.   Action by the United States Life Insurance Company against George W. Poillon and others, heirs at law of Cornelius Poillon, deceased, and Wellesley W. Gage and others, creditors.   The complaint alleged that Cornelius Poillon died intestate, leaving insufficient personalty to pay his debts; that plaintiff had a demand against him, consisting of a judgment for deficiency on foreclosure proceedings; that his heirs obtained a partition sale of his realty; that some of the purchasers refused to take title, unless a part of the proceeds sufficient to pay decedent's debts should be deposited with the United States Trust Company, to be used for the payment of such debts; and that $20,000 were deposited with that company to pay debts for which the real estate might be liable, or could be sold or applied; and prayed that plaintiff be paid out of the fund, and, if its share is insufficient, that it have judgment against the heirs to the extent of their inheritance.   Defendant Gage demurred to this complaint, on the ground that plaintiff had not obtained leave to sue from the court in which the foreclosure decree was rendered. The demurrer was sustained, and plaintiff was given leave to amend.   See 3 N. Y. Supp. 398.   Plaintiff thereupon applied *ex parte* for an order granting leave to sue, and an order was thereupon entered, granting such leave as of a date prior to the commencement of the action, and it was further ordered that the entry of such order should be without prejudice to any and all proceedings heretofore taken in said action.   On appeal to the general term by defendant George W. Poillon, this order was reversed, on the ground that leave should not have been given on plaintiff's *ex parte* application, but the merits of the case were not passed on.   See 6 N. Y. Supp. 370.   Plaintiff then appealed to the court of appeals, but its appeal was dismissed.   See 24 N. E. Rep. 1095, *mem.*   Defendant Wellesley W. Gage now moves to vacate the summons in the action, on the ground that plaintiff had never obtained leave to sue.   His affidavit in support of the motion sets out the above facts, and further shows that he has not answered the amended complaint, and that plaintiff has served notice of trial.

*Jay & Candler,* for plaintiff.   *Willmot & Gage,* for defendants.

O'BRIEN, J.   Mr. Justice BARRETT, who had the question here presented before him in another form, is of the opinion, in which I concur, that this motion should be denied, without prejudice to the defendant's right to raise the question by answer in the nature of a supplement.   The question now presented is whether leave to sue was ever necessary.   This is a serious question, and should be left to the trial, where a ruling can be had upon which a review upon the merits may be obtained.   The cases where the courts have dismissed suits on motion were such as depended upon judicial action, like the taking of bonds from the files, and delivering them to the party for prosecution.   There, although the complaint may state a good cause of action, the court will stay proceedings, or even dismiss, if informed that the party has proceeded without its authority.   Here, however, the plaintiff has actually averred "leave given" in his complaint, and issue has been joined on that by some of the other defendants.   Now, plaintiffs had such leave when the suit was commenced, but such leave has been taken away from them since.   That involves a supplemental pleading.   It is impossible to settle all the questions which thus arise on mere motion, especially as plaintiffs now claim that their allegation of "leave given" was unnecessary, and that they have a right to proceed without it; citing authorities to that effect in the second department. *Mead* v. *Spink,* 1 N. Y. Supp. 390; *Schultz* v. *Mead,* 8 N. Y. Supp. 663.   The court, upon motion, in view of the serious questions presented, should not in this summary form dismiss the complaint.   The motion should therefore be denied, without costs, thus leaving the parties to their pleadings and to the trial.   Ordered accordingly.