### FERRIS *v.* TANNEBAUM *et al.*

*(Common Pleas of New York City and County, General Term.　June 1, 1891.)*

1. PLEADING AND PROOF—PENDENCY OF APPEAL—SUPPLEMENTAL ANSWER.

　　Where an action was instituted on an undertaking for an arrest on civil process, which arrest had been vacated and an appeal taken from the vacating order and notice thereof given plaintiff before answer filed, such notice was properly admitted in evidence at the trial of the action on the undertaking, but evidence of proceedings to perfect such appeal occurring after answer filed was properly rejected, on the ground that it could only be availed of by supplemental answer; Code Civil Proc. N. Y. § 559, providing that a person executing an undertaking for the arrest of a person on civil process shall be liable thereon "if it is finally decided that the plaintiff was not entitled to the order of arrest."

2. SAME—WHEN EFFECTUAL.

　　In such case the notice of appeal was ineffectual as a bar to plaintiff's action on the undertaking, defendant not having perfected the appeal by executing the undertaking therein required under Code Civil Proc. N. Y. § 1326, providing that an undertaking to pay all costs and damages accruing upon an appeal must be executed by the appellant in order to render the appeal effectual for any purpose.

Appeal from trial term.

Action by Francis J. C. Ferris against Adolph Tannebaum and Alexander Samuels upon an undertaking on arrest given pursuant to section 559, Code Civil Proc. Answer, that the defendants had duly appealed to the court of appeals from the order vacating the order of arrest, and that so the action was premature. A motion to vacate the order of arrest was denied at special term, but on appeal to the general term the orders of the special term were reversed and the order of arrest vacated. See 4 N. Y. Supp. 610. The orders of the general term vacating the order of arrest were entered the 2d of April, 1889. This action was commenced on the 4th of April, 1889. On the 29th of May, 1889, the defendants appealed to the court of appeals from the orders of the general term, but no undertaking on appeal was given until the 8th of December, 1890. The answer was served the 6th of August, 1889. The action was tried the 21st January, 1891. The orders of the general term were affirmed by the court of appeals the 20th January, 1891. See 26 N. E. Rep. 453. From a judgment for plaintiff defendants appeal.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Franklin Bien,* for appellants, *Andrew Gilhooly,* for respondent.

PRYOR, J. On the trial the learned judge, after admitting in evidence the notice of appeal to the court of appeals, served before the answer, excluded evidence of the undertaking on appeal, executed after the answer, on the ground that it should have been pleaded by supplemental answer; and then, because the defendants had failed to prove a *supersedeas* by the pendency of an appeal, the court gave judgment for the plaintiff. Whether those rulings were correct is the only question for adjudication. The conduct of the court

in receiving evidence of the notice of appeal and rejecting evidence of the undertaking on appeal is criticised for inconsistency; but there is obviously no inconsistency in admitting matter occurring before answer, and excluding matter of defense occurring after answer. Equally by the terms of the Code (Code Civil Proc. N. Y. § 559) and of their undertaking the defendants were not liable to action before it was "finally decided that the plaintiff [in the original suit] was not entitled to an order of arrest." But, until appealed from, the order of the general term vacating the order of arrest was a final decision against the right to arrest. Had an effectual appeal been taken, then the finality of the decision would have been deferred till the determination of the appeal. *Musgrave* v. *Sherwood*, 76 N. Y. 194, 195; *Wettig* v. *Moltz*, 45 N. Y. Super. Ct. 392. But, when the action was commenced, no appeal, even by notice, had been taken, and at that time the order of the general term stood as a finality. The action was then well brought, though subject to bar or abatement should an effectual appeal be taken. The notice of appeal to the court of appeals from the general term was served after the action was commenced, though before answer. In an equitable action, matter occurring after suit commenced, but before answer, may be pleaded as of right; and the reason is that in such action costs are discretionary, and if the defendant prevails, notwithstanding there was good cause to sue, the court can charge him with costs. But in an action of a legal nature the right of the parties must be determined as they existed at the commencement of the action, except so far as the situation has been since changed unfavorably to the plaintiff's claim, either by his own act or by operation of the law, the reason being that in a legal action the statute gives costs; and, as they ought not to be charged on a plaintiff who had good ground to sue, the defendant should get leave to plead, so that the court may impose terms. *Insurance Co.* v. *Gage*, 13 N. Y. Supp. 837; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *Styles* v. *Fuller*, 101 N. Y. 622, 4 N. E. Rep. 348. The matter is then pleaded "to the further maintenance of the action." *Carpenter* v. *Bell*, 19 Abb. Pr. 258, 263. Hence, although the notice of appeal was served before answer, it is questionable if it were properly pleaded, or if it could have been pleaded even by supplemental answer. But, waiving the point, the answer of notice of appeal was nugatory. An appeal to the court of appeals from an order, as from a judgment, until undertaking given is a mere nullity, and so is ineffectual to affect the finality of the decision from which the appeal is taken. Code, § 1326; *Cowdin* v. *Teal*, 67 N. Y. 581; *Architectural Works* v. *City of Brooklyn*, 85 N. Y. 652; *Raymond* v. *Richmond*, 76 N. Y. 106; *Kelsey* v. *Campbell*, 38 Barb. 238; *In re Dumesnil*, 47 N. Y. 677; *Manufacturing Co.* v. *Thayer*, 82 N. Y. 610, where it is said: "When no undertaking is given, no appeal is pending." It follows, therefore, that even after the notice of appeal the order of the general term vacating the orders of arrest was still a final decision. Eventually, however, on the 8th of December, 1890,—more than a year after answer,—an undertaking was given and the appeal perfected. Then for the first time the order of the general term ceased to be a final decision. But the matter, even if it might have been, was not presented by supplemental answer, and only by supplemental answer allowed by the court could it be presented as a defense to the action. Code, § 544; *Hall* v. *Olney*, 65 Barb. 27; *Styles* v. *Fuller*, 101 N. Y. 622, 4 N. E. Rep. 348; *Williams* v. *Hernon*, 16 Abb. Pr. 173; *Matthews* v. *Manufacturing Co.*, 3 Rob. (N. Y.) 711; *Wettig* v. *Moltz*, 45 N. Y. Super. Ct. 389. Counsel for the defendants argues that the appeal perfected in December, 1890, was admissible in proof of the defense pleaded in August, 1889. True, the answer then served did set up the defense that the order of the general term was not final, and that so the action was prematurely brought. But an allegation that the action was arrested by an appeal in April, 1889, is not established by proof that it was arrested by an appeal in December, 1890. Evidence of a perfected appeal on the 4th of April, 1889, would have been relevant and effectual

to make good the defense pleaded, but not so evidence of an appeal perfected the 8th of December, 1890. Moreover, the latter defense, arising after issue joined, could have been presented, if at all, only by supplemental answer. To sustain their contention the appellants rely, in vain, on *Briggs* v. *Bowen*, 60 N. Y. 454. That action was trespass *quare clausum*, and the answer alleged that the *locus in quo* was a public highway. On the trial plaintiff showed an order discontinuing the highway, and defendant met this proof by evidence of a reversal of the order after the trespass. Answering the argument of the plaintiff that the defendant could not avail himself of the reversal without pleading it, the court say: "There was no occasion for pleading it The order was not alleged in the complaint. The plaintiff relied upon the order to prove his title by showing that the highway had been discontinued. The defendant had a right to meet this claim by showing that the order relied upon by the plaintiff had been reversed. Furthermore, it does not appear that the point was taken at the trial that this proof was inadmissible under the pleadings, and that of itself is sufficient ground for not entertaining it here." Criticism is not needed to exhibit that the decision cited has no bearing upon the case at bar. Conceding for argument, however, that without being pleaded the defense was available to the appellants, it was still ineffectual to defeat the judgment. When the action was brought it was well brought because, there being then no pretense of an appeal, the order of the general term was at the time a final decision. When the action was commenced, the cause of action was complete, only the further maintenance of the action was liable to be arrested by a subsequent appeal. But the defendants themselves gave in evidence the affirmance of the order of the general term by the court of appeals, and so it appeared at the trial that the appeal had been determined, and determined adversely to the defendants. Hence there was no obstacle to the prosecution of the action, and no pending appeal to defeat a recovery by the plaintiff. When an action is well brought, and the plaintiff is confronted by no defense upon the trial, judgment for him is an inevitable consequence. This is not the case of an action essentially defective when commenced, and sought to be reinforced by subsequent matter, but of an action duly begun and obstructed *pendente lite.* The obstruction gone, judgment must follow. "The fact that plaintiff's right of action was divested after commencement of the action by his bankruptcy is not available defense if, before defense pleaded, he reacquires the right of action by purchase from the assignee." 26 Abb. N. C. 23, note. Judgment affirmed, with costs. All concur.