---

(18 Misc. Rep. 681.)

BONNER BRICK CO. v. M. M. CANDA CO.

(Supreme Court, Trial Term, New York County. December, 1896.)

1. PAYMENT—PLEADING—To WHAT TIME IT RELATES.
    The plea of payment in an answer relates to the time it was interposed, and not to the time when the action was commenced, where defendant paid plaintiff the sum for which the action is brought before the time to answer has expired.

2. INTEREST—PENALTY—WHEN NOT ALLOWED.
    Where interest is allowable as a penalty, but not by contract, all claim therefor is barred by the receipt of the principal sum, unless otherwise stipulated.

3. COSTS—WHEN DEFENDANT ALLOWED.
    Where the sum sued for is, after action commenced, accepted by plaintiff without reservation as to costs, and the answer pleads payment, and such plea is established, plaintiff is not, but defendant is, entitled to costs.

Action by the Bonner Brick Company against the M. M. Canda Company for goods sold and delivered. Defendant moves for new trial. Granted.

Eugene Frayer, for plaintiff.
J. Woolsey Shepard, for defendant.

GIEGERICH, J. This action was brought to recover the sum of $300, with interest from the 15th day of November, 1895, for merchandise, consisting of brick sold and delivered on or about the last-mentioned date. The sum of $150 was paid on account previous to the commencement of the action, and thereafter and before the defendant's time to answer had expired there was paid,

under circumstances hereafter detailed, the further sum of $150. The defendant then served an answer, alleging "that it has paid, satisfied, and discharged in full the claim of the plaintiff herein as set forth in the complaint, and all claims of the plaintiff herein against this defendant, and pleads said payment as in accord and satisfaction between the parties hereto." The plaintiff contends that the plea of payment contained in the answer should be held to relate to the time of the commencement of the action, and that it is not made out by proof of payment after suit brought. The case of Moffatt v. Henderson, 48 N. Y. Super. Ct. 449, is cited in support of such contention. There the plaintiff sought to recover under a covenant on the part of the lessee, contained in a lease of certain premises, a stated sum alleged to have been paid for a meter charge. The defendant, after suit brought, and before an answer was served, paid the amount claimed to the commissioner of public works, and then served an answer alleging "that he has paid all the regular annual rents or charges which have been assessed or imposed according to law upon the said premises for the Croton water, since the assignment to and acceptance of said lease by said defendant." The trial judge decided that the plea of payment was not sustained by the proofs, and rendered judgment in favor of the plaintiff for $88 and costs, but directed that the judgment should be marked by the clerk on the docket of the court as having had the sum of $88 paid thereon, and that the plaintiff should not collect on said judgment, nor issue execution thereon for any sum exceeding the amount of the taxed costs. An appeal was taken, and the court, in affirming the judgment, among other things, said (page 452):

"There are several objections to the defendant's position. In the first place, his answer does not constitute a plea puis darrein continuance. It alleges payment generally, and, as the rights of the parties were to be determined by the condition of affairs at the time suit was brought, the plea of payment in the answer ought to be held to relate to the time of the beginning of the action. There are no words in it to indicate that the payment was made after the complaint was served."

As there was no proof offered in substantiation of the defense so interposed, except the payment to a third person without the order or knowledge of the plaintiff, which the court held to be insufficient, that case is very different in its facts from the present one, and is not controlling as an authority.

In an action of a legal nature the rights of the parties must be determined as they existed at the commencement of the action, except so far as the situation has since been changed unfavorably to the plaintiff's claim, either by his own act or by operation of law (Abb. Tr. Brief, p. 414, § 502; Styles v. Fuller, 101 N. Y. 622, 4 N. E. 348; Ferris v. Tannebaum [Com. Pl.] 15 N. Y. Supp. 295); the reason being that in such actions the statute gives costs; and, as they ought not to be charged on a plaintiff who had good reason to sue, the defendant ought to get leave, and then the court can impose terms (Abb. Tr. Brief, p. 414, § 502; Ferris v. Tannebaum, supra). Hence (with those exceptions) an answer which sets up as

a defense any essential fact that did not occur until after suit brought is bad in an action of a legal nature, even in those jurisdictions where equitable defenses can be pleaded. But, if plaintiff's own voluntary act, pending the action, has impaired or discharged his cause of action as by a compromise or release,   *   *   * the defendant may set up the fact in his answer, unless it occurred after issue joined, in which case it can only be set up by supplemental answer. Abb. Tr. Brief, supra. The ground for this distinction is, I think, substantial. If the situation has been changed by act of plaintiff, he cannot be surprised if that act is shown on the trial; while, if by act of another, it would be unfair to require him, after ascertaining the facts as existing at the time he commences his action, to again, when answer is made, ascertain anything which might have happened in the interval. In this case there was evidence which would have warranted the jury in finding that, if any change was made, it was by act of the plaintiff through its authorized agents or officers; in other words, that the check was accepted with knowledge of its character on the part of plaintiff's president.

There was a conflict of evidence as to some of the facts concerning the manner in which the alleged payment was made. According to the testimony adduced on the part of the defendant, a check for $150, drawn by one of its officers on the National City Bank to the order of John C. McNamara, the agent who sold the brick in question, was mailed to Calvin Tompkins, who, it appears, is the president of the plaintiff company; and that when so mailed it contained the words, "in full settlement for all claims." George B. Wright, an employé of the plaintiff, on the other hand, testified that he received the check from the defendant's bookkeeper personally, and gave the latter a receipt therefor, which reads as follows:

"February 21, 1896.

"Received from M. M. Canda Company one hundred and fifty dollars on account Bonner Brick Co.                    J. C. McNamara, Agt.,
    "150.                                                    By G. B. Wright."

Mr. Wright further testified when he received the check on February 21, 1896, the words referred to were not written thereon. Mr. McNamara also testified that he examined the check as he usually examined all checks and notes received by him, and that he did not see the words "in full settlement for all claims" written therein on the day of its receipt from the plaintiff, to wit, about February 21 or 23, 1896. Furthermore, that he indorsed the check, and deposited it in the West Side Bank, where he kept an account, and that on or about the same day he gave his check for a like amount to the plaintiff, who retained it.

The general rule is that, in the absence of an agreement to pay interest, it is implied by law as damages for not discharging a debt (Ledyard v. Bull, 119 N. Y. 62, 23 N. E. 444; In re New York & B. Bridge Co., 137 N. Y. 95, 32 N. E. 1054; 11 Am. & Eng. Enc. Law, 380); and where interest only is allowable as a penalty, and not by virtue of an agreement to pay the same, all claim therefor

is barred by the receipt of the principal debt (Tillotson v. Preston, 3 Johns. 229; Johnston v. Brannan, 5 Johns. 268; Consequa v. Fanning, 2 Johns. Ch. 481; Gillespie v. Mayor, 3 Edw. Ch. 512; Jacot v. Emmett, 11 Paige, 142; Fake v. Eddy's Ex'r, 15 Wend. 76; Southern Cent. R. Co. v. Town of Moravia, 61 Barb. 180; Cutler v. Mayor, 92 N. Y. 166; Middaugh v. City of Elmira, 23 Hun, 79; Ludington v. Miller, 38 N. Y. Super. Ct. 478; In re Smith's Estate, 1 Misc. Rep. 256, 22 N. Y. Supp. 1085; Hamilton v. Van Rensselaer, 43 N. Y. 244; Pacific R. R. v. U. S., 158 U. S. 118, 15 Sup. Ct. 766; In re Hodgman's Estate, 140 N. Y. 421, 35 N. E. 660). In the present case the complaint does not allege, nor do the proofs show, any agreement, either express or implied, to pay interest. It was, therefore, allowable only as damages for default in the payment of the principal obligation, and, as such, it merely followed the latter as an incident, and wholly ceased to exist when the balance of the principal sum claimed in the action was paid, unless it was agreed that such payment should not bar plaintiff's right to claim interest afterwards. The testimony adduced on the part of the plaintiff would, in my opinion, have authorized the jury in finding that such an agreement was made; but as it was contradicted by the defendant's witnesses, this, as well as the question whether or not the said check was received by the plaintiff with notice that it was in full settlement of all demands, should have been submitted to the jury. Therefore it was error to withdraw the same from their consideration by directing them to find a verdict in favor of plaintiff for $160.15, and that there should be credited upon the judgment, and upon any execution issued thereon, the sum of $150 as of February 21, 1896. The proofs, in my opinion, do not establish an accord and satisfaction, the necessary elements therefor being absent. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, and citations.

There remains to be considered the question of costs, claimed by both parties litigant. All the cases which I have been able to discover after considerable research clearly enunciate the principle that costs are but an incident to the debt, and, if the latter is extinguished by tender and acceptance, no costs can be recovered unless expressly reserved by agreement between the parties. Watson v. Depeyster, 1 Caines, 66; Johnston v. Brannan, supra; Stewart v. Ellice, 2 Paige, 604; Warfield v. Watkins, 30 Barb. 395; Bendit v. Annesley, 42 Barb. 192, 27 How. Prac. 184; Keeler v. Van Wie, 49 How. Prac. 97; Rice v. Childs, 28 Hun, 303. And see Eaton v. Wells, 82 N. Y. 576, 579.

As the question under consideration was fully discussed by the general term of this department in Bendit v. Annesley, supra, and again in Rice v. Childs, supra, it would, in my opinion, be an act of supererogation to refer at length to any but these of the above cited cases. In Bendit v. Annesley, supra, the defendant, after the commencement of the action, sent his check to the plaintiff for an amount equal to the face of the note, interest, and costs of protest. There was no payment of costs, or tender of them. Subsequently the plaintiff notified the defendant that the check sent would not settle the

action, and that the costs must be paid.    The defendant answered,
pleading payment, and the issues on trial by the court resulted in a
dismissal of the complaint.    Upon appeal, the judgment was af-
firmed, the court saying that costs of a suit are but an incident to the
debt; that the extinction of the principal carries with it the incident;
and that, if the plaintiffs meant to insist upon the payment of the
costs, they should have refused to receive payment of the debt unless
the costs were paid.    In Rice v. Childs, supra, the plaintiffs brought
suit to recover $77.45 upon an undertaking on appeal.    After the
commencement of the action the defendant called upon the plaintiff;
stated that he wished to settle the same; that he would pay plaintiff
$55 on account and the balance on the 1st of May following, if he
would extend his time for payment to that date, which the latter
agreed to do, and received the payment on account.    The defendant
failed to comply with this agreement, and served an answer, set-
ting up the payment, and demanding a dismissal of the complaint,
with costs.    Under this state of facts the plaintiff moved for judg-
ment on the ground that the answer was frivolous.    The motion was
successful, and the plaintiff entered a judgment for $23.75 and for
costs and disbursements of the action, which was appealed from by
the defendant.    And it was held that the costs followed the debt,
and that the plaintiff, having accepted a sum of money reducing his
claim to an amount below $50, was not entitled to any costs.    It was
there stated, however, that the plaintiff might have protected himself
from such result by reserving his costs, or by accepting the amount
offered on condition that it should in no way whatever affect his
rights under the judgment to the full amount, he, however, to credit
the defendant upon the execution with the amount which he had re-
ceived on account of the debt.    The cases of Moffatt v. Henderson,
supra, and Bogardus v. Richtmeyer, 3 Abb. Prac. 179, are in no wise
opposed to the principle that acceptance of the sum sued for bars a
claim for costs.    In the former, as has been shown, payment was not
made to one having authority to bind the plaintiff by receiving the
same, but to a public officer, without the knowledge or sanction of
the plaintiff, and the situation was as though a tender merely had
been made or the money had been paid into court.    So, too, in the
latter case, one of the defendants, after suit brought, went to plain-
tiffs' store, and in their absence paid a clerk (who was ignorant of the
existence of the suit) the amount claimed, but without costs.    The
plaintiffs immediately insisted upon the payment of the taxable
costs, and demanded them from the defendants, who, instead of pay-
ing them, put in a plea of payment.    The case was noticed for trial,
and regularly called upon the circuit calendar, and the plaintiffs took
an inquest by default, entering up judgment for their claim, with
costs.    Upon a motion to open up the default it was said by the
justice at special term that, if the money was paid into court, the
plaintiffs might take it out, and proceed in the cause, unless the costs
up to such payment into court were also paid; that, if the defendants
only paid into court the amount of plaintiffs' claim, they had no other
remedy to recover their costs; that in such cases the plaintiffs took
judgment for the whole debt or for nominal damages, and recovered

their costs as in other actions (citing 1 Camp. 556; Grah. Prac. 459); that the payment to the clerk should be treated as if the money had been paid into court, or had been tendered under the statute, and that in such cases the payment or tender must be of the amount due and of the costs of the suit to the time of the tender. For that reason the justice held that the plaintiffs were entitled to their costs, but denied the motion, without costs. The case referred to (1 Camp. 558) holds that if, after the action is brought, the money sought to be recovered is paid, without a rule of court, the plaintiff must have a verdict, and this, together with other English cases and treatises cited in a note to 1 Tidd, Prac. p. 676, pertaining to the bringing of money into court, are doubtless the authorities relied upon to sustain the entry of a judgment in favor of the plaintiff, with costs, where, after suit brought, the defendant pays the claim, but not the costs of the action. That such rule was relied upon in Moffatt v. Henderson, supra, plainly appears from that portion of the opinion of the court appearing at page 453, as follows:

"The Code has expressly fixed the method by which a party may stop the running of costs against him by tender after suit brought (section 731), or by offer to compromise (section 738). The plaintiffs were entitled to the costs which accrued up to the time of the payment in any event. If the defendant wished to stop the running of costs against him, he should have either tendered the amount and costs accrued up to that time, or made the offer contemplated in section 738."

In the case at bar, however, there was not a tender simply, but an acceptance also might have been found by the jury upon the evidence. The former is an act of the defendant alone, and cannot bind the plaintiff; but the latter is plaintiff's own act, and may preclude it from recovering costs. As was said in the last-cited case (pages 452, 453), "The receipt of the money sued for, after suit, would amount to a waiver of costs;" citing Bendit v. Annesley, supra; Willis v. Chipp, 9 How. Prac. 568.

The rule laid down with respect to costs upon the settlement of an action in cases arising in this court is, to my mind, consistent with reason and good sense, and, applying it to the present case, it must be held that, even if there was anything due the plaintiff for interest, as the amount thereof was below the sum of $50, the defendant would be entitled to costs. Code Civ. Proc. § 3228, subd. 4; Rice v. Childs, supra. If the plaintiff desired to protect its costs, it should have reserved them by express agreement, or accepted the amount tendered only upon condition that its right to enter judgment for the balance of the amount claimed, with interest and costs, should in no way be affected, and that it should credit the defendant upon the judgment and execution, if any, with the amount received on account of the alleged debt. The plaintiff, instead of doing so, accepted, according to its version, an unqualified payment on account of the demand which had been made through it to its selling agent; and, having received the money from him, and applied it to its own use, it was not entitled to the judgment which was rendered in its favor.

From a careful consideration of the case in the light of the au-

thorities above cited, and which the hurry of nisi prius proceedings prevented at the time, I am of the opinion that the verdict rendered was erroneous, and that a new trial should be granted; but, as this case seems to be contested solely for the costs, at least on the part of the defendant, which noticed it for trial, the granting of the motion is without costs.